Opinion issued
February 3, 2011

 



In
The

Court of
Appeals

For
The

First District
of Texas

———————————

NO. 01-09-00654-CV

———————————

Yigal Bosch, Appellant

 

V.

 

Cedar Village
Townhomes Homeowners Association, Inc., Appellee



 



 

On Appeal from the County Civil
Court at Law No. 3

Harris County, Texas



Trial Court Case No. 884,135

 



 

 

MEMORANDUM
OPINION

 

          Yigal
Bosch appeals a judgment in favor of Cedar Village Townhomes Homeowners
Association, Inc. (“Cedar Village”) for $21,002.60 in assessments, late fees, and
prejudgment interest and $26,689.55 in attorney’s fees.  Cedar Village sued Bosch for unpaid
assessments under the Condominium Declaration, and Bosch counterclaimed.  After the trial court granted two motions for
partial summary judgment, the remaining issues of damages and attorney’s fees
were tried to a jury.  In ten issues,
Bosch asserts that the trial court erred by (1) granting summary judgment in
favor of Cedar Village on his claims for negligence, mismanagement, fraud, and
theft; (2) finding that Cedar Village did not breach a fiduciary duty or abuse association
funds by failing to request that its insurer defend his counterclaims; (3)
awarding attorney’s fees to Cedar Village; and (4) denying Bosch a fair trial
in its exclusion and admission of evidence. 
We affirm the judgment of the trial court.

Background

          Cedar Village
is a homeowners association for a 38-unit condominium complex in Houston,
Texas.  Bosch owns five units in the
complex.  A fire destroyed one of Bosch’s
units and damaged some of the nearby units. 
As required by its Declaration, Cedar Village carried insurance that
covered the common elements of the complex.  Cedar Village used insurance proceeds to
rebuild common elements of the condominium complex damaged by the fire.  Cedar Village did not rebuild the portions of
Bosch’s unit that it determined were not part of the common elements of the
complex as defined in the Declaration.

          Under Section
22 of the Declaration, each unit owner is obligated to pay monthly assessments.  The monthly assessments include the estimated
expenses to maintain the general common elements.  Bosch failed to pay all the assessments that
were due.  Cedar Village sent Bosch a
written demand for payment and then filed this suit.

          Bosch filed
an answer and counterclaim.   Cedar Village filed a motion for partial
summary judgment.  The trial court rendered
summary judgment that Bosch take nothing on all of his affirmative claims and
that Bosch was liable to Cedar Village for non-payment of assessments and
attorney’s fees.  The only issues
remaining after the trial court granted Cedar Village’s first motion for
partial summary judgment were the amount of unpaid assessments and Cedar
Village’s reasonable and necessary attorney’s fees. 

          Bosch filed
an amended answer and amended counterclaim re-asserting that he had paid the
assessments to Cedar Village and asserting counterclaims for negligence,
mismanagement, and civil theft.  Cedar
Village filed its second motion for partial summary judgment addressing the
claims raised in Bosch’s amended original answer and second amended
counterclaim.  The trial court granted
that summary judgment.   

          The case
proceeded to a jury trial on the two remaining issues: the amount of Cedar
Village’s damages and attorney’s fees.  The jury found $21,002.60 for Bosch’s failure
to pay assessments and $26,689.55 for reasonable and necessary attorney’s
fees.  The trial court rendered final
judgment, stating it was rendering judgment “[i]n accordance with this Court’s
partial summary judgments and the jury’s findings.”  Bosch filed a motion for new trial, which was
overruled by the trial court.

Summary Judgment

          Bosch’s
first, second, fourth, and seventh issues address matters raised in Cedar
Village’s motions for partial summary judgment. Specifically, he contends that
the trial court erred by granting Cedar Village’s motions for partial summary
judgment and in finding Cedar Village was not negligent, did not mismanage the
repairs of a condominium unit, did not commit fraud, and did not commit civil
theft. 

A.      Standard of Review

          We review summary judgments de
novo.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656,
661 (Tex. 2005).  When
a party seeks summary judgment on both traditional and no-evidence grounds, we
first review the trial court’s summary judgment under the no-evidence standard
of Rule 166a(i).  Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).  If the nonmovant failed to produce more than a
scintilla of evidence raising a genuine fact issue on the challenged elements
of his claims, then there is no need to analyze whether the movant’s summary
judgment proof satisfied the traditional summary judgment burden of proof under
Rule 166a(c).  Id.  

          A traditional
summary judgment under Rule of Civil Procedure 166a(c) is properly granted only
when the movant establishes that there are no genuine issues of material fact
and that it is entitled to judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Provident Life
& Accid. Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  In deciding whether there is a disputed
material fact precluding summary judgment, evidence favorable to the nonmovant
will be taken as true, every reasonable inference must be indulged in favor of
the nonmovant, and any doubts must be resolved in favor of the nonmovant.  Knott,
128 S.W.3d at 215.

B.      Negligence

          In his first
issue, Bosch contends that the trial court erred by granting Cedar Village’s
motion for summary judgment on his negligence claim for failure to insure his
condominium unit.  Cedar Village moved
for summary judgment on both no-evidence and traditional grounds.  To prove an action for negligence, the
plaintiff must establish that: (1) the defendant owed a legal duty to the
plaintiff; (2) the defendant breached that duty; and (3) the breach proximately
caused the plaintiff’s injury.  W. Invs. v. Urena, 162 S.W.3d 547, 550
(Tex. 2005).  Bosch claims that a duty
was created by contract and by statute.




 

          1.       No Duty under the
Declaration

          First,
Bosch asserts that Cedar Village had a duty under the Declaration to insure and
rebuild his condominium unit, and that Cedar Village breached that duty by not
doing so.  Specifically, Bosch contends
that the last two sentences of section 21 of the Declaration create such a
duty.  Those sentences provide, “Each
owner may obtain additional insurance at his own expenses for his own benefit.  Insurance coverage on the furnishings and
other items of personal property belonging to the owner, and casualty and public
liability insurance coverage within each individual unit, are specifically made
the responsibility of the owner thereof.” 
Bosch asserts that these sentences indicate that everything except
furnishings had to be insured by Cedar Village and that the word furnishings
includes interior items such as paint, wallpaper, and other finishing elements.

          These sentences do not create any duty
on the association; they advise the owner of his or her responsibility to
insure certain furnishings and personal property.  The word “furnishings”
does not reach as far as Bosch contends. 
“Furnishings” generally refers to “furniture, fittings, and other
decorative accessories, such as curtains and carpets, for a house or home.”  New
Oxford American Dictionary 689 (2001).  Other portions of section 21 make
clear that any insurance obligation is limited to insurance of the common
elements, and Bosch did not present any competent summary judgment evidence
that Cedar Village did not pay for damage to the common elements.  The first sentence of section 21 provides, 

The assessments made shall be based upon the cash
requirements deemed to be such aggregate sum as the Managing Agent or Board of Managers
of the Association shall from time to time determine is to be paid by all of the
owners, including Declarant, to provide for the payment of all estimated expenses
growing out of or connected with the maintenance and operation of the general common elements . . . .

 

(Emphasis added).  The
Declaration defines the common elements of the complex to exclude the interior
of the units from the unfinished sheetrock walls inward and the utilities serving individual
units.  Specifically, the Declaration
defines “general common elements,” in pertinent part, as “[t]he land on which
the buildings are located” and “[t]he foundations, columns, girders, beams,
supports, main walls and roofs.”  The
Declaration also provides that a “condominium unit” is an interest in the
general common elements and the space contained “within the perimeter walls,
floors and ceilings of a building.” 
Section 16 clarifies that an owner “shall not be deemed to own the
undecorated and/or unfinished surfaces of the perimeter walls, floors and
ceilings surrounding” the unit, but does own the inner decorated or furnished
surfaces of the perimeter and finished surfaces of the perimeter and interior
walls, floors and ceilings, doors, windows and other such elements consisting
of paint, wallpaper, and other finishing elements.  Section 21, by specifying that Cedar Village
was responsible for the general common elements, only extends to the unfinished
walls, floors, ceilings, and similar items.

          Finally, the plain language of
section 21 states that Cedar Village “may” provide fire insurance[1]
without imposing a requirement to do so. 
See Ramsay v. Tex. Trading Co.,
Inc., 254 S.W.3d 620, 631 (Tex. App.—Texarkana 2008, pet. denied)
(use of “may” in contract suggests “conditional or possible result rather than
a mandatory one”); cf. Mabon Ltd. v.
Afri-Carib Enters., Inc., 29 S.W.3d 291, 297 (Tex. App.—Houston
[14th Dist.] 2000, no pet.) (use of “shall” in contract is mandatory term).  

          We conclude
that the Declaration does not create a duty for Cedar Village to insure Bosch’s
unit.[2]

          2.       No Duty under the Property
Code

Second, Bosch asserts that
section 82.111(b) of the Texas Uniform Condominium Act (“the Act”) creates a
duty by Cedar Village to insure Bosch’s property.  See Tex. Prop. Code § 82.111(b) (Vernon
2007).  Section 82.111(b) requires a
condominium association to maintain certain casualty insurance on condominium
units, in addition to insuring the common elements, if such insurance is
readily available to the association.  Id.  Section 82.002(c), which governs the
applicability of Section 82.111(b), provides as follows:

This section and
the following sections apply to a condominium in this state for which the
declaration was recorded before January 1, 1994; Sections 82.005, 82.006,
82.007, 82.053, 82.054, 82.102(a)(1)–(7) and (12)–(22), 82.108, 82.111, 82.113, 82.114, 82.116, 82.157,
and 82.161. The definitions prescribed by Section 82.003 apply to a condominium
in this state for which the declaration was recorded before January 1, 1994, to
the extent the definitions do not conflict with the declaration.  The
sections listed in this subsection apply only with respect to events and
circumstances occurring on or after January 1, 1994, and do not invalidate
existing provisions of the declaration, bylaws, or plats or plans of a
condominium for which the declaration was recorded before January 1, 1994.

 

Id. §
82.002(c) (Vernon Supp. 2010) (emphasis added). 


          The
Declaration was recorded on August 8, 1977. 
Therefore, under the plain language of section 82.002(c), section 82.111(b)
does not apply and does not invalidate existing provisions of the Declaration
because the Declaration was recorded before January 1, 1994.  See id.
 We conclude that Cedar Village had no
duty under the Act to insure Bosch’s unit. 

          We overrule
Bosch’s first issue.

C.      Mismanagement

          In his second
issue, Bosch contends that the trial court erred in dismissing his claim of
negligence for “mismanagement” of the repairs and the funds associated with the
repairs.  Bosch presented no admissible
evidence in support of this claim.  In
his affidavit, Bosch stated that the repair took twenty months and Cedar
Village did not use the insurance proceeds to repair fully his unit or to
reimburse him.  The trial court, however,
sustained Cedar Village’s objections to his affidavit and Bosch does not
challenge that ruling.  With no evidence
to raise a fact issue on his mismanagement claim, the trial court properly
granted summary judgment.  See Knott, 128 S.W.3d at 215. 

          We overrule
Bosch’s second issue.

D.      Fraud

          In his fourth
issue, Bosch contends that the trial court erred in granting summary judgment
on his fraud claim.

          The elements
of fraud are: (1) a material misrepresentation was made; (2) the representation
was false; (3) when the representation was made, the speaker knew it was false
or made the statement recklessly without any knowledge of the truth; (4) the
speaker made the representation with the intent that the other party should act
on it; (5) the party acted in reliance on the representation; and (6) the party
thereby suffered injury.  Formosa Plastics Corp. USA v. Presidio
Eng’rs & Contractors, Inc., 960 S.W.2d 41, 47 (Tex. 1998).  As part of its motion for summary judgment,
Cedar Village specifically stated that Bosch had no evidence that it made a material
misrepresentation or that any misrepresentation was false.  In his response to the motion for summary
judgment, Bosch presented no evidence of a misrepresentation.  Thus, the trial court properly granted the no-evidence
motion for summary judgment.  See Ford Motor Co., 135 S.W.3d at 600.

          Bosch also asserts
that Cedar Village received insurance proceed covering some of the disputed
items, such as air conditioning vents, but “concealed the payments” from
Bosch.  Bosch did not, however, plead
fraud by nondisclosure.  In his response
to Cedar Village’s motion for summary judgment on his fraud claim, Bosch
included no evidence to support the assertions of “concealed payments.”  In his affidavit submitted with his response,
Bosch does not mention the concealment.  Accordingly,
no-evidence summary judgment was proper on Bosch’s fraud claim.  See id.

          We overrule Bosch’s
fourth issue. 

E.      Civil Theft

          In his
seventh issue, Bosch argues that the trial court erred by finding Cedar Village
did not commit civil theft.  Texas Rule
of Appellate Procedure 38.1(i) requires that an appellant’s brief “contain a
clear and concise argument for the contentions made, with appropriate citations
to authorities and to the record.”  Tex. R. App. P. 38.1(i).  “Rule 38 requires [a party] to provide us
with such discussion of the facts and the authorities relied upon as may be
requisite to maintain the point at issue.” 
Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc., 106 S.W.3d
118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).  “This is not done by merely uttering brief
conclusory statements, unsupported by legal citations.”  Id. 
“Issues on appeal are waived if an appellant fails to support his
contention by citations to appropriate authority . . . .”  Abdelnour v. Mid Nat’l Holdings, Inc.,
190 S.W.3d 237, 241 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  Similarly, appellate issues are waived when
the brief fails to contain a clear argument for the contentions made.  Izen v. Comm’n for Lawyer
Discipline, 322
S.W.3d 308, 322 (Tex. App.—Houston [1st Dist.] 2010, pet. filed).

          Bosch’s argument within this issue
contains no citation to authority concerning theft.  Accordingly, we hold that this issue is
waived due to inadequate briefing.  See Abdelnour, 190 S.W.3d
at 241. 

          We overrule
Bosch’s seventh issue.

Breach of Fiduciary Duty and
“Proper Legal Defender”

          In his third
issue, Bosch asserts that the trial court “erred in finding that Cedar Village
did not breach its fiduciary duty to Bosch.”  In his fifth issue, Bosch contends that the
trial court “erred in finding that Cedar Village did not abuse association’s
funds by not using the proper legal defender.”

          Bosch’s live
pleading from the trial court does not contain any allegations of breach of
fiduciary duty or of “not using the proper legal defender.”  These claims are not mentioned in Cedar
Village’s motions for summary judgments or Bosch’s responses.  There is no record that Bosch submitted a
jury question on these issues.  The first
time these claims appear in the record is in Bosch’s motion for new trial.  A motion for new trial is too late to raise a
claim.  See Hollingsworth v. Hollingsworth, 274 S.W.3d 811, 815 (Tex.
App.—Dallas 2008, no pet.) (affirmative defense waived when first raised in
motion for new trial). 

          We overrule
Bosch’s third and fifth issues.

Issues Concerning Conduct of
the Jury Trial

          In his
eighth issue, Bosch complains of the admission of evidence.  In his ninth issue, he asserts the trial
court erred in the exclusion of evidence. 
In his tenth issue, Bosch contends generally that “in all aspects of the
judicial process, Bosch was denied a fair trial.” 

A.      Admission and Exclusion of Evidence

          1.       Standard
of Review

          We
apply an abuse of discretion standard to the question of whether a trial court
erred in an evidentiary ruling.  Owens-Corning Fiberglas Corp. v. Malone,
972 S.W.2d 35, 43 (Tex. 1998).  The
admission or exclusion of evidence is a matter within the trial court’s
discretion. Id. (citing City of Brownsville v. Alvarado, 897
S.W.2d 750, 753 (Tex. 1995)).  A trial
court abuses its discretion when it rules without regard to any guiding rules
or principles.  Id.  We must uphold the trial
court’s ruling if there is any legitimate basis for its ruling.  Id.




 

          2.       Admission of Documents at Trial

          In his eighth
issue, Bosch complains of the admission of evidence. Specifically, Bosch
contends the trial court erred in not allowing Bosch time to study documents
that were submitted on the day of trial. 
As a prerequisite to presenting a complaint for appellate review, the record
must show that the complaint was made to the trial court by a timely request,
objection, or motion that complied with the Texas Rules of Evidence and that the
trial court ruled on the
request, objection, or motion, either expressly or impliedly, or refused to
rule, and the complaining party objected to the refusal.  Tex.
R. App. P. 33.1(a)(1), (2).  The record in this
appeal does not show that Bosch objected to the documents or obtained a
ruling on the admissibility of the documents. 
Therefore, he has not preserved this issue for appeal.  See id.;
Mieth v. Ranchquest, Inc., 177 S.W.3d
296, 307 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding failure to
object to evidence at trial waives complaint on appeal).

          We overrule
Bosch’s eighth issue.

          3.       Exclusion of
Evidence at Trial

          In his
ninth issue, Bosch asserts that “[t]he [t]rial [c]ourt erred in not allowing
Bosch to testify about the fire and theft before the jury.”  As stated above, to preserve a
complaint for appellate review, the record must show that the complaint was
made to trial court by timely request, objection, or motion that complied with
the Texas Rules of Evidence.  Tex. R. App. P. 33.1(a)(1).  When
a trial court improperly excludes evidence, a party must show that the error
affects a substantial right of the party and the substance of the error was
made known to the court by offer or was apparent from the context in which
questions were asked.  Tex. R. Evid. 103(a)(2).  A party must present the nature of the
evidence with enough specificity that an appellate court can determine its
admissibility and whether any exclusion was harmful.  See In
re N.R.C., 94 S.W.3d 799, 806 (Tex. App.—Houston [14th Dist.] 2002, pet.
denied).  The record before us does not
contain an offer of the evidence that Bosch contends was erroneously
excluded.  Accordingly Bosch has not
preserved this issue for appeal.  See Tex. R. App. P. 33.1(a)(1).

          We
overrule Bosch’s ninth issue.

B.      Fair Trial

          In issue ten,
Bosch complains generally that, “in all respect [sic] of the judicial process,
Bosch was denied a fair trial.”  Within this
issue, Bosch asserts that he was not able to address matters that were disposed
of by summary judgment, such as Cedar Village’s failure to turn over the fire insurance
proceeds to him (i.e., the civil theft claim). 
We have already upheld the trial court’s granting of summary judgment on
these issues.  Thus, the
jury trial concerned only two issues: (1) the dollar amount of Cedar Village’s
damages and (2) the dollar amount of Cedar Village’s reasonable and necessary
attorney’s fees. Testimony concerning the fire and the alleged theft was
irrelevant.  See Tex. R. Evid. 401
(stating relevant evidence has tendency to make existence of fact that is of
consequence to determination of action more probable or less probable).  The trial court, therefore, properly excluded
Bosch’s testimony on the fire and alleged theft.  See
Tex. R.
Evid. 402 (“Evidence which is not relevant is inadmissible.”). 

          We
overrule Bosch’s tenth issue.      

Attorney’s Fees

          In his
sixth issue, Bosch challenges the trial court’s award of attorney’s fees to
Cedar Village.  Bosch contends that Cedar
Village was not the prevailing party and thus not entitled to fees and also
that the attorney’s fees were not reasonable and necessary.  

A.      Prevailing Party 

          Bosch
contends that the trial court erred in awarding attorney’s fees because “the
question of who prevail[ed] was never established.”  In determining who is a prevailing party for
the purposes of an attorney’s fees award, we look to the judgment.  See Intercont’l Group P’ship v. KB Home Lone Star L.P., 295 S.W.3d 650, 656 (Tex.
2009).  Cedar Village sued for unpaid
assessments.  The final judgment awards
Cedar Village $21,002.60 in damages for those unpaid assessments.  We conclude that Cedar Village is the
prevailing party in this case.  See id. at 655 (stating party prevails
when trial court awards monetary, declaratory, or injunctive relief on its
claims). 

          Bosch
contends that the trial court could not determine who prevailed because Bosch
was not allowed to present his defense of payment.  Bosch further contends that there was no proof
of presentment of the claim.  However, Bosch
has provided this court with only a partial reporter’s record, consisting of a
three-and-a-half page excerpt of his testimony from the jury trial.  A party may prosecute an appeal with a
partial reporter’s record.  See Tex.
R. App. 34.6(c).  Rule 34.6(c)(1)
provides that when an appellant requests only a partial reporter’s record, “the
appellant must include in the request a statement of the points or issues to be
presented on appeal and will then be limited to those points or issues.”  Tex.
R. App. 34.6(c)(1).  An
appellant’s failure to file a statement of points or issues “require[s] the
appellate court to affirm the trial court’s judgment.”  Bennett
v. Cochran, 96 S.W.3d 227, 229 (Tex. 2002); see also Mason v. Our Lady Star of the Sea Catholic Church, 154 S.W.3d 816, 821 (Tex. App.—Houston
[14th Dist.] 2005, no pet.) (stating failure to file statement of points
results in presumption that omitted portions of record are relevant and support
trial court’s judgment).

          The record before us contains
no statement of points
or issues from Bosch.  Accordingly, we presume that the record
supports the trial court’s judgment, including that Cedar Village presented
evidence of presentment of the claim and that Bosch was allowed to present any
relevant evidence.  See Bennett,
96 S.W.3d at 229.  

B.      Reasonableness and Necessity of Attorney’s
Fees.      

          Bosch
also contends that the attorney’s fees awarded to Cedar Village were not reasonable
and necessary.  As we note above,
Bosch presented us with a partial reporter’s record, but the record before us
contains no statement of points or issues. 
We therefore
affirm the trial court’s award of attorney’s fees.  See id.  

          We
overrule Bosch’s sixth issue.

Conclusion

          We affirm the judgment of the trial
court.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel consists of Justices Jennings,
Higley, and Brown.











[1]           Section
21 states that the assessments determined by Cedar village “may include, among other things, . . .
fire insurance . . . , issued in the amount of the maximum replacement value of
all of the condominium units . . . .” (emphasis added). 

 





[2]
          We do not address whether the
Declaration could serve as the basis for the creation of a duty recognized in
tort.  Cf. Sw. Bell Tel. Co. v.
Delanney, 809 S.W.2d 493, 495 (Tex. 1991) (holding that claims for
negligent failure to include customer’s directory advertisement sounded solely
in contract).  This argument was not
raised by the parties.