**Robert S. BENNETT, Petitioner,**

v.

**Les COCHRAN, Respondent.**

No. 02–0050.

Supreme Court of Texas.

Dec. 12, 2002.

Rehearing Denied March 6, 2003.

Kevin W. Grillo, Hilliard & Munoz, PPC, Corpus Christi, for petitioner.

Les Cochran, The Cochran Law Firm, Houston, pro se.

## PER CURIAM.

The issue before this Court is whether, by requesting only a partial reporter's record, Bennett waived his right to challenge the legal and factual sufficiency of the evidence on appeal. The court of appeals answered this question affirmatively. 92 S.W.3d 8. However, Rule 34.6(c)(4)'s plain language provides that an appellant need not file a complete reporter's record to preserve legal or factual sufficiency issues. Tex.R.App. P. 34.6(c)(4). Therefore, we reverse the court of appeals' judgment and remand the cause for further proceedings consistent with this opinion.

Robert Bennett and Les Cochran are former partners of Bennett & Cochran, L.L.P., a law partnership. After Bennett withdrew from the partnership, Cochran sued Bennett, alleging negligent misrepresentation, fraud, and breach of contract. Bennett counter-sued, asserting, *inter* *alia,* claims for breach of contract and battery. The jury awarded Bennett $29,000 in damages ($24,000 for Cochran's breach of contract and $5,000 resulting from Cochran's battery) and $50,000 in attorney's fees. The jury also awarded Cochran $50,000 in damages based on Bennett's negligent misrepresentations. The trial court granted Cochran's motion for judgment notwithstanding the verdict and ordered that Bennett take nothing.

Bennett appealed, challenging the legal and factual sufficiency of the evidence. The court of appeals affirmed the trial court's judgment, holding that, because Bennett requested only a partial reporter's record, he waived any complaint challenging the sufficiency of the evidence. 92 S.W.3d 8. Pursuant to Texas Rule of Appellate Procedure 34.6, when an appellant requests only a partial reporter's record, the

> appellate court must presume that the partial reporter's record ... constitutes the entire record for purposes of reviewing the [appellant's] stated points or issues. This presumption applies even if the statement includes a point or issue complaining of the legal or factual insufficiency of the evidence to support a specific factual finding identified in that point or issue.

Tex.R.App. P. 34.6(c)(1), (4). The rule expressly states that an appellant need not file a complete reporter's record to preserve legal or factual sufficiency points. Accordingly, the court of appeals erred in holding that Bennett waived his legal and factual sufficiency points of error by filing an incomplete reporter's record.

Although the court of appeals did not address the issue, Cochran alleges alternatively that Bennett waived his legal and factual sufficiency challenges by failing to comply with Rule 34.6(c)(1)'s re-

quirement to "include in the request [for a partial reporter's record] a statement of the points or issues to be presented on appeal." TEX.R.APP. P. 34.6(c)(1). Cochran does not allege that Bennett's delay prejudiced Cochran on appeal. Instead, he contends that, because Bennett failed to timely file a statement of his points or issues, he is not entitled to the presumption that the partial reporter's record constitutes the entire record for purposes of reviewing his legal and factual sufficiency challenges.

Although Bennett's statement of issues was due "[a]t or before the time for perfecting the appeal," he filed it almost two months late. TEX.R.APP. P. 34.6(b)(1). However, nothing in the record indicates that Bennett's tardiness impaired Cochran's appellate posture. Cochran had more than two months after he first received notice of Bennett's statement of issues to file his appellee's brief. Cochran does not contend that Bennett's delay prevented him from identifying the relevant issues or supplementing the reporter's record. Nor does Cochran assert that he had insufficient time to adequately prepare his appellate arguments.

There is no question that, had Bennett completely failed to submit his statement of points or issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment. *See Richards v. Schion*, 969 S.W.2d 131, 133 (Tex.App.-Houston [1st Dist.] 1998, no pet.) ("When an appellant appeals with a partial reporter's record but does not provide the list of points as required by rule 34.6(c)(1), it creates the presumption that the omitted portions support the trial court's findings."). Many of our courts of appeals require "strict compliance" with all of Rule 34.6's provisions to preserve appellate review. *See, e.g., Brown v. McGuyer Homebuilders, Inc.,* 58 S.W.3d 172, 175 (Tex.App.-Hous-

ton [14th. Dist.] 2001, pet. denied) (appellant's failure to file statement of points in compliance with Rule 34.6 required appellate court to presume record's omitted portions supported trial court's judgment); *In re R.C.,* 45 S.W.3d 146, 149 (Tex.App.-Fort Worth 2000, no pet.) (appellate court permitted to review only those issues properly designated in appellant's statement of points); *Hilton v. Hillman Distrib. Co.,* 12 S.W.3d 846, 847 (Tex.App.-Texarkana 2000, no pet.) (requiring both request for partial record and statement of points to be timely filed). However, we have adopted a more flexible approach in certain cases—like this one—when a rigid application of Rule 34.6 would result in denying review on the merits, even though the appellee has not established any prejudice from a slight relaxation of the rule. *See, e.g., Schafer v. Conner,* 813 S.W.2d 154, 155 (Tex.1991).

In *Schafer,* we rejected an interpretation of Rule 53(d)—Rule 34.6(c)'s predecessor—that would require an appellant to actually file its statement of points or issues "in" its request for the reporter's record. *Id.* at 155; *see also Furr's Supermarkets, Inc. v. Bethune,* 53 S.W.3d 375, 377 (Tex.2001) (stating appellee's issue statement in its notice of appeal was sufficient to invoke the presumption that the partial reporter's record constituted the entire record for purposes of reviewing the stated issue). Then, in *Gallagher v. Fire Insurance Exchange,* 950 S.W.2d 370, 370–71 (Tex.1997), we reiterated our commitment to ensuring that courts do not unfairly apply the rules of appellate procedure to avoid addressing a party's meritorious claim. There, we reversed a court of appeals' holding that the appellant waived review by failing to file a complete statement of facts in strict compliance with Rule 53(d). *Id.* at 371. We reasoned:

The court of appeals was correct in holding that, absent a complete record on appeal, it must presume the omitted items supported the trial court's judgment. For the courts of appeals to affirm the trial court's judgment on the basis of omitted items after having denied pre-submission supplementation of those items without having determined that such would unreasonably delay disposition of the appeal, however, offends the spirit of [our appellate rules].

*Id.* (quoting *Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 122 (Tex. 1991)). We find this argument no less compelling today than we did in *Gallagher* or *Crown Life*. Here, Bennett did file his statement of issues or points, albeit some time after he filed his request for a partial reporter's record.

Our appellate rules are designed to further the resolution of appeals on the merits. *See Gallagher*, 950 S.W.2d at 370–71. We will interpret these rules, when possible, to achieve that aim. However, litigants should not view our relaxation of rules in a particular case as endorsing noncompliance. While we seek to resolve appeals on their merits, litigants who ignore our rules do so at the risk of forfeiting appellate relief.

Here, the objective behind Rule 34.6(c)(1) was fully served. Cochran does not allege that he was deprived of an opportunity to designate additional portions of the reporter's record, nor does he assert that Bennett's delay otherwise prejudiced the preparation or presentation of his case. Under these circumstances, we hold that Rule 34.6 does not preclude appellate review of Bennett's legal and factual sufficiency issues.

Accordingly, without hearing oral argument, we grant Bennett's petition for review, reverse the court of appeals' judgment, and remand the cause to the court of appeals for further proceedings consistent with this opinion. TEX.R.APP. P. 59.1.

Justice SMITH did not participate in the decision.