Affirmed and Memorandum Opinion filed August 26, 2004









Affirmed and Memorandum Opinion filed August 26, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00928-CV

____________

 

ROBERT
SLOAN VAN BUREN, Appellant

 

V.

 

MERRILEE
MCMILLEN, Appellee

___________________________________________________________________

 

On Appeal from the 328th District Court

Fort Bend County, Texas

Trial Court Cause No. 104734

___________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant Robert Sloan Van Buren
appeals from the trial court=s order
which, inter alia, directed him to pay retroactive child support and
attorney=s fees to
appellee Merrilee McMillen.  Appellee
contends this appeal is frivolous and has filed a motion for damages under Rule
45 of the Texas Rules of Appellate Procedure. 
We affirm the trial court=s
judgment and deny appellee=s Rule 45
motion.   








Because all dispositive issues in
this appeal are clearly settled in law, we issue this memorandum opinion.  See Tex.
R. App. P. 47.4.  

Factual
Background

On March 2, 1998, appellant filed
a AMotion to
Modify in Suit Affecting the Parent Child Relationship.@  Trial was commenced on November 25, 2002, and
subsequently recessed to be reconvened at a later date.  On March 21, 2003, trial was reconvened and
the court ordered appellant to pay $11,130 in retroactive support and $6,500 in
attorney=s fees to
appellee.  This appeal ensued.

I.  Discussion

In three issues, appellant argues
the trial court erred in (1) awarding retroactive child support to appellee
because (a) there is no evidence justifying such an award, and (b) no request
for such support was made in appellee=s
petition; and (2) evidence regarding the reasonableness of appellee=s
attorney=s fees
was not properly before the trial court. 
In addition to responding to these arguments, appellee requests damages
under Rule 45 of the Texas Rules of Appellate Procedure.[1]  We consider these arguments in that order.

1.  Retroactive Child Support 

a.  Appellant=s
Compliance with Texas Rule of Appellate Procedure 34.6 (c)(1)








In his first and second issues,
appellant argues that the trial court erred in awarding retroactive child
support.  He first argues there is no
evidence justifying such an award. 
However, appellant has failed to provide this court with a complete
reporter=s record,
including all of the trial court exhibits which are essential to our resolution
of this particular issue.[2]  We find this failure dispositive of the
issue.

An appellant who requests a
partial record must include in (or at least with) the request a
statement of the points or issues to be presented on appeal; he will then be
limited to only those points or issues raised. 
Tex. R. App. P. 34.6(c)(1);
Bennett v. Cochran, 96 S.W.3d 227, 229 (Tex. 2002).  A copy of the request must be filed with the
trial court clerk.  Tex. R. App. P. 34.6(b)(2).  When an appellant completely fails to submit
his statement of points or issues, we are required under Rule 34.6 to affirm
the judgment of the trial court.  Bennett,
96 S.W.3d at 229.

In the present case, the reporter=s record
consists only of the transcripts of the November 25, 2002 and March 21, 2003
proceedings.  However, the clerk=s record
contains neither a request for a partial reporter=s record
from appellant to the official reporter nor a statement of the points or issues
to be presented on appeal.  Because
appellant did not comply with Rule 34.6(c)(1) of the Rules of Appellate
Procedure, we must presume that the omitted portions of the reporter=s record
support the trial court=s
judgment.  See Williams v. Gage,
No. 12-03-00023-CV, 2003 WL 22839260, *2 (Tex. App.CTyler November 26, 2003, no pet.) (mem. op.).








b.  Are Appellee=s
Pleadings Sufficient to Support an Award for Retroactive Support?      Appellant
next argues that the trial court erred in awarding retroactive child support
because no request for such support was made in appellee=s
petition.  However, any alleged defect in
the pleadings must be specifically pointed out by exception in writing and
brought to the attention of the trial court; otherwise, it is deemed to have
been waived by the party seeking reversal on such account.  See Tex.
R. Civ. P. 90.  The record in the
present case is devoid of any such written exception by appellant.  Therefore, he has waived this issue on
appeal.

Even assuming appellant had not
waived this issue, we find his argument without merit. When a party fails to
specially except to a pleading, courts should construe the pleadings liberally
in favor of the pleader.  Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.3d 887, 897 (Tex. 2000); see also Tex. R. Civ. P. 45 (stating, AAll
pleadings shall be construed so as to do substantial justice.@).  In the present case, appellee stated in her
petition that she Arequests
that any increase [in child support] be made retroactive to the earlier of the
time of service on citation on [appellant] on the original motion or the
appearance of [appellant] in this modification action.@  In her prayer for relief, appellee stated
that she Aprays that citation and notice
issue as required by law and that the Court enter its orders in accordance with
the allegations contained in this petition.@  These pleadings, whether liberally construed
or otherwise, are sufficient to constitute a request for judgment on appellee=s claim
for retroactive child support.  

In sum, appellant=s first
issue is overruled because we are required to affirm the judgment below
pursuant to Rule 34.6 and appellant waived his arguments concerning the
sufficiency of appellee=s
pleadings.

2.  Attorney=s Fees








In his third issue, appellant
argues that the trial court erred in awarding attorney=s fees to
appellee because the evidence regarding the reasonableness of appellee=s
attorney=s fees
was not properly before the trial court. 
Specifically, he claims that appellee failed to make a motion to reopen
the evidence at trial prior to the court hearing testimony by appellee=s counsel
regarding the reasonableness of the attorney=s fees
claimed.  However, as a prerequisite to
presenting this complaint on appeal, appellant was required to make a timely
objection to the trial court and obtain a ruling on the objection.  See Tex.
R. App. P. 33.1(a).  The record in
the present case is devoid of any such objection by appellant.  Therefore, he has waived this issue on
appeal.

Even if appellant had not waived
this issue, we are unpersuaded by his argument. 
Under Rule 270 of the Texas Rules of Civil Procedure, a trial court Amay
permit additional evidence to be offered at any time@ when it Aclearly
appears to be necessary to the due administration of justice.@  In the present case, appellee did, in fact,
move to reopen the evidence.  After the
close of appellant=s
evidence, appellee=s counsel
made the following statement:  AYou[r]
honor, I need to testify for the record, if I may, that as attorney for
Mrs. McMillen, that attorney=s fees
that we=ve
presented to the court in the exhibit were reasonable and necessary for the
proper representation of Mrs. McMillen@  (emphasis added).  While the trial court apparently did not make
an audible response to this request, the testimony of appellee=s counsel
as to the reasonableness of the attorney=s fees
appears next in the record.  Based on
these facts, we find that appellee moved to reopen the evidence and the trial
court granted her motion; therefore, the evidence regarding the reasonableness
of appellee=s attorney=s fees
was properly before the trial court. 
Accordingly, appellant=s second
issue is overruled.

3.  Appellee=s Rule 45
Motion








Finally, we consider whether
appellee should be awarded Ajust
damages@ under
Rule 45 of the Rules of Appellate Procedure based on appellant=s
allegedly frivolous appeal to this court. 
This is a matter of discretion, which we should exercise with prudence
and only after careful deliberation.  Angelou v. African Overseas Union, 33
S.W.3d 269, 282 (Tex.
App.CHouston [14th Dist.] 2000, no
pet.).  Although the imposition of
damages lies within our discretion, we will do so only in circumstances which
are truly egregious.  Id.  While we disagree with appellant=s
application of the law to the facts in this case, our consideration of the
record and the briefs does not lead us to believe that appellant=s
presentation of this appeal warrants an award of damages to appellee.  See id. 
Accordingly, we overrule appellee=s request
for relief under Rule 45.

The judgment of the trial court
is affirmed.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed August 26, 2004.

Panel consists of Chief Justice Hedges and Justices Frost and Guzman.

 

 











[1]  That Rule
provides: AIf the court of appeals determines that an appeal is
frivolous, it may B on motion of any party or on its own initiative,
after notice and a reasonable opportunity for response B award each prevailing party just damages.  In determining whether to award damages, the
court must not consider any matter that does not appear in the record, briefs,
or other papers filed in the court of appeals.@  Tex.
R. App. P. 45.





[2]  We note that
appellee alleges that appellant was made aware of this omission several months
prior to the date of submission, but never attempted to address the
situation.  Appellant has not responded
to this allegation.