

# Fourth Court of Appeals
## San Antonio, Texas

April 8, 2015

No. 04-14-00913-CV

David **MEDRANO**,
Appellant

v.

**FIDELITY NATIONAL TITLE INSURANCE COMPANY**, Successor by Merger Lawyers Title Insurance Corporation, Barclays Capital Real Estate Inc. d.b.a HOMEQ, as servicing Agent for Duetsche Bnk. National Trust Company as Trustee,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-00027
The Honorable Richard E. Price, Judge Presiding

# O R D E R

Appellant David Medrano requested a partial reporter's record, which has been filed. Appellees subsequently submitted a request that the court reporter prepare additional parts of the record at appellant's expense. Appellant has not paid for the additional parts of the record, and the court reporters have asked this court to determine who is responsible for payment.

Whether appellant must bear the cost of the additions to the record depends upon whether appellant has filed a statement of the points or issues to be presented on appeal. The record before us does not contain statement of points. We **order** appellant to file by **April 14, 2015** a statement of the points or issues to be presented on appeal if he intends to proceed with a partial reporter's record pursuant to Rule 34.6(c) of the Texas Rules of Appellate Procedure.

If Medrano files a statement of points or issues, then he will be limited to those issues and the record designated by the parties will be presumed to constitute the entire record. *See* TEX. R. APP. P. 34.6(c)(1), (4); *Bennett v. Cochran*, 96 S.W.3d 227, 228 (Tex. 2002). In that event, Medrano must pay for the parts of the record requested by appellees unless they are not necessary to the resolution of the appeal. *See* TEX. R. APP. P. 34.6(c)(3). If Medrano contends any of the additions requested by appellees are not necessary, he must notify this court at the time he files his statement of points or issues, and we will abate for a trial court determination of the question.

If Medrano does not file a statement of points or issues by the date ordered, this court will presume the omitted parts of the record support the trial court's judgment. *See Bennett*, 96 S.W.3d at 229. In that event, if appellees desire additional parts of the record be prepared and filed, they may direct the court reporter to prepare a supplemental record, *see* TEX. R. APP. P. 34.6(d), but appellees will bear the cost of paying the reporter. This court may later tax costs differently.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 8th day of April, 2015.

Keith E. Hottle
Clerk of Court