ACCEPTED
01-14-00583-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/16/2015 12:08:35 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-14-00583-CV

### In The

# Court Of Appeals

### For The

# First District of Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/16/2015 12:08:35 PM
CHRISTOPHER A. PRINE
Clerk

SHAWN IBRAHIM, INC., MAHMOOD AKHTAR, AND MUHAMMAD AMIN
*Appellants,*

v.

SUNCOAST ENVIRONMENTAL & CONSTRUCTION, INC., SUNNYLAND
DEVELOPMENT, INC., AJAZ R. SIDDIQUI, AND NAJEEB R. SIDDIQUI
*Appellees.*

### On Appeal from the 61st District Court
### Harris County, Texas
### Trial Court Cause No. 2011-02593

## APPELLANT'S MOTION FOR REHEARING

Herbert W. Fortson, III
SBN: 07277300
Micah B. Fortson
SBN: 24083012
Fortson, Frazer, & Siegrist, P.C.
2702 Jackson Street
Houston, Texas 77004
T: (713) 533-1520
F: (713) 533-1571
herb@fortson-co.com
micah@fortson-co.com

ATTORNEYS FOR APPELLANTS

**TO THE HONORABLE FIRST COURT OF APPEALS:**

COMES NOW APPELLANT, Shawn Ibrahim, Inc., and pursuant to Texas Rules of Appellate Procedure 49, et seq. files this motion for rehearing, and in support would show:

## MOTION FOR REHEARING

The Court's opinion in this matter, issued June 2, 2015, erroneously applied the presumption that the trial court had before it and determined all facts necessary in support of the judgment absent any record of what evidence the trial court considered. *See* No. 01-14-00583-CV, Memorandum Opinion, pp. 5, 9, and 10. This presumption was improper and wholly prevented appellate review of the merits. Appellants request a rehearing to apply the correct presumption required by Tex. R. App. P. 34.6(c)(4) that the partial reporter's record designated by the parties is the entire record for purposes of reviewing the issues stated in the request for a partial reporter's record.

## FACTS

On August 7, 2014 appellants filed, and served on all parties, their request for a partial reporter's record. Although filed three weeks after the date to perfect the appeal it included a statement of the points or issues to be presented on appeal in compliance with Texas Rule of Appellate Procedure 34.6(c)(1). See **Exhibit A**.

2

As a result of the brief deadline extensions granted to each side, appellees had six and a half months to brief the stated issues during which time they made two requests to supplement the reporter's record.

## **ARGUMENT**

Because appellants filed a request for a partial reporter's record and statement of issues without adversely affecting appellees position the Court should presume the designated partial record is complete for purposes of reviewing the stated issues.

Texas Rule of Appellate Procedure 34.6(c) allows for and encourages a party to request a partial reporter's record when only limited issues are being presented on appeal. When such a partial reporter's record is requested the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues. Tex. R. App. P. 34.6(c)(1). Because the appellee has the opportunity to designate additional exhibits and testimony from the reporter's record (Tex. R. App. P. 34.6(c)(2)) the appellate court must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues. Tex. R. App. P. 34.6(c)(4); *Bennett v. Cochran,* 96 S.W.3d 227, 230 (Tex. 2002) (per curiam). This presumption applies even if the statement includes a point

3

or issue complaining of the legal or factual insufficiency of the evidence to support a specific factual finding identified in that point or issue. Tex. R. App. P. 34.6(c)(4).

In *Bennett* the Supreme Court of Texas held that although the appellant filed his statement of issues two months late, the Rule 34.6(c)(4) presumption was appropriate for a meritorious appellate review because the appellee was not deprived of an opportunity to designate additional portions of the record and was not otherwise prejudiced by the late filing. *Bennett,* 96 S.W.3d at 230; *see also Burns v. Mullin*, 2013 Tex. App. LEXIS 12730; 2013 WL 5631031, 4 (Tex. App. Houston [14th Dist] 2013, no pet.) ("[a] late-filed statement of points or issues may support the presumption that the record is complete unless the appellee demonstrates that the late filing of the statement adversely affected him"); *See also Pye's Auto Sales, Inc. v. Gulf States Fin. Co.*, 2007 Tex. App. LEXIS 4222, 2007 WL 1559933 (Tex. App. – Houston [1st Dist.] 2007, no pet.) (holding that the Rule 34.6(c)(4) presumption did not apply because the appellant had failed entirely to file a statement of issues along with the request for partial reporter's record).

Although in *Bennett* the statement of issues was filed two months late and gave appellee two months to prepare his brief, in this case, the statement of issues was only three weeks late and gave the appellee more than six months to prepare a

4

brief. Here, just as in *Bennett* and *Burns*, without a showing of prejudice, the spirit of the rules, "designed to further the resolution of appeals on the merits" requires an appellate review of the issues, under the requisite presumption of a complete record, even if the statement of issues was late filed. Tex. R. App. P. 34.6(c)(4); *Bennett,* 96 S.W.3d at 230; *Burns.* 2013 Tex. App. LEXIS 12730; 2013 WL 5631031 at 4.

The Standby Creditor's Agreement is the lynchpin of appellants' case and the basis for determining and calculating the disputed note terms and the usurious interest charged. The issues regarding the Standby Creditor's Agreement were stated in the statement of issues attached to the request for partial reporter's record. See **Exhibit A**, §§ 3.2(a-c) and 3.3(b-c). Appellant's statement of issues and the requisite Rule 34.6(c)(4) presumption were disregarded by this Court when it presumed the trial court heard evidence absent from the partial record to support its judgment that the standby creditor's agreement did not bar recovery. Because the incorrect presumption was applied avoiding a review of the merits, a rehearing should be granted to review the issues under the proper presumption of a complete record.

## PRAYER

For the reasons stated above, Appellant, Shawn Ibrahim, Inc., requests that this Court grant a rehearing to review the merits of appellants' claims under the Rule 34.6(c)(4) presumption that the partial reporter's record designated by the parties is the complete record for purposes of reviewing appellants' stated issues.

Respectfully submitted,

FORTSON, FRAZER & SIEGRIST, P.C.

/s/ Micah B. Fortson
Herbert W. Fortson, III
SBN: 07277300
Micah B. Fortson
SBN: 24083012
Fortson, Frazer, & Siegrist, P.C.
2702 Jackson Street
Houston, Texas 77004
T: (713) 533-1520
F: (713) 533-1571

ATTORNEYS FOR APPELLANTS

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the formatting requirements of the Texas Rules of Appellate Procedure and, Pursuant to Tex. R. App. P. 9.4(i)(3), this motion, created in Microsoft Word 2010, contains 905 words, excluding portions exempted under the rules.

/s/ Micah B. Fortson
Micah B. Fortson

## CERTIFICATE OF CONFERENCE

I hereby certify that, pursuant to Texas Rule of Appellate Procedure 10.1(a)(5), a reasonable attempt to confer with all other parties about the merits of this motion and whether the parties oppose the motion was made.

/s/ Micah B. Fortson
Micah B. Fortson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served via electronic service or email on this the 16th day of June, 2015 to the following:

Joe Yardas
100 I-45 North, Suite 200, Box 200
Conroe, Texas 77301
(936) 756-1020 Telephone
(936) 494-1232 Facsimile
jyardas@suddenlinkmail.com
**Attorney for Defendant**
*Sunnyland Development, Inc.*

Ronald Max Raydon
1718 Fry Road, Suite 450
Houston, Texas 77084
(281) 398-6402 Telephone
(281) 398-6403 Facsimile
ron@raydonlaw.com
**Attorney for Defendants**
*Suncoast Environmental and Construction, Inc.,*
*Ajaz R. Siddiqui and Najeeb R. Siddiqui*

/S/ Micah B. Fortson
Micah B. Fortson

7