

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00033-CV

SERGIO ZAPATA, APPELLANT

V.

EMILIO C. SOLIS, APPELLEE

On Appeal from the County Court at Law No. 2
Webb County, Texas
Trial Court No. 2018CVH000127C3, Honorable Victor Villarreal, Presiding

May 1, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellee Emilio C. Solis sued Appellant Sergio Zapata for breach of contract. Zapata's answer included a sworn affirmative allegation that Solis was liable to him for the usury penalty found in Texas Finance Code section 305.001.[1] By amended petition,

---

[1] TEX. FIN. CODE ANN. § 305.001 (West 2016) ("Liability for Usurious Interest"). In 2005, the Legislature modified section 305.001 by adding "in connection with a transaction for personal, family, or household use" in subsection (a) and by adding subsection (a-1) for loans in connection with commercial transactions. See Act of May 29, 2005, 79th Leg., R.S., ch. 1018 § 2.05, 2005 TEX. GEN. LAWS 3438, 3440 (current version at TEX. FIN. CODE ANN. § 305.001(a)).

In his brief, Zapata argues the trial court erred by denying him the penalties under section 305.001(a). The record contains no finding or evidence that the transaction in question was "for personal,

Solis added promissory estoppel as a cause of action. Following a bench trial, the court rendered judgment in favor of Solis on his promissory estoppel claim. Zapata appealed,[2] presenting one issue. We overrule that issue and affirm the judgment of the trial court.

## Background

Although the trial court's judgment and Appellant's brief each recite the case was tried on stipulated facts, no such stipulations appear of record. The reporter's record consists only of one exhibit volume containing two exhibits. There is no transcription of any testimony or argument. The first exhibit is a notarized instrument signed by Zapata and Solis on March 27, 2017. According to the terms of the document, Zapata promised to pay Solis the total sum of $20,000. That amount consisted of $15,000 principal and interest of "$5,000 as per three months." The second exhibit purports to be the reproduction of a simple interest calculation that indicates an annual interest rate of 120.45%.

The judgment contained findings referable to the promissory estoppel claim only: (1) Zapata made a promise to Solis; (2) it was foreseeable that Solis would rely on Zapata's promise; (3) Solis detrimentally relied on Zapata's promise and suffered damages of $15,000; (4) Solis is entitled to "expenses and court costs"; (5) Solis is entitled to recover prejudgment interest; and (6) Solis is entitled to recover post-judgment interest.

---

family, or household use." Although we hold Appellant did not prove usury as a matter of law, we further note that Zapata failed to prove a right to recover civil penalties under section 305.001(a).

[2] This appeal was transferred to this Court from the Fourth Court of Appeals by order of the Texas Supreme Court. TEX. GOV'T CODE ANN. § 73.001 (West 2013).

The judgment awarded Solis $15,000 along with prejudgment interest of $180, court costs of $287, and post-judgment interest at 5% per annum.

Analysis

In his only issue, Zapata argues that the trial court committed reversible error by rendering judgment as it did "because *the contract* . . . is usurious, contrary to public policy under the provisions of § 302.001(b), of the Texas Finance Code, and therefore unenforceable." (emphasis added). Because usury was pleaded as an affirmative defense and a counterclaim, Zapata must demonstrate on appeal that the evidence conclusively established all vital facts in his favor as a matter of law. *See Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 241-42 (Tex. 2001) (noting party attacking legal sufficiency of an adverse finding on an issue on which it had the burden of proof must show, as a matter of law, all vital facts in support of the issue); *Geis v. Colina Del Rio, LP*, 362 S.W.3d 100, 111-12 (Tex. App.—San Antonio 2011, pet. denied). We indulge every reasonable inference to support the judgment, crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005).

Despite Zapata's statement that the trial court tried the suit based upon the stipulations of the parties, there is no document in the record evidencing that the parties submitted their controversy upon an agreed statement of facts, or that any stipulated facts were even introduced. This is important because if the parties had presented the court with an agreed statement of facts in conformity with Texas Rule of Civil Procedure 263, the analysis on appeal would be restricted to whether the trial court properly applied the

3

law to the facts; our review would be "limited to those [agreed] facts unless other facts are necessarily implied from the express facts in the statement." *State Farm Lloyds v. Kessler*, 932 S.W.2d 732, 735 (Tex. App.—Fort Worth 1996, writ denied) (alteration added). Contrary to Zapata's suggestion of a trial upon stipulated facts, the judgment refers to the trial court resolving "questions of . . . fact," which could not have occurred if the facts were stipulated (judicial admission). Given the state of the record, this Court holds that our review is of a judgment following an ordinary bench trial rather than an agreed case or a trial on stipulated facts. *See Hutcherson v. Sovereign Camp, W.O.W.*, 112 Tex. 551, 555, 251 S.W. 491, 492 (1923) (explaining that in a case tried on agreed facts "the agreed statement is to be considered in the light of well defined legal limitations, and in the nature of a special verdict, it admits there is no dispute as to the facts, and constitutes a request by each of the litigants for a judgment, which each contends arises as a matter of law from the agreed facts.").

A usurious transaction consists of: "(1) a loan of money; (2) an absolute obligation to repay the principal; and (3) the exaction of a greater compensation than allowed by law for the use of the money by the borrower." *First Bank v. Tony's Tortilla Factory*, 877 S.W.2d 285, 287 (Tex. 1994). It was Zapata's responsibility to show from the entire record his usury defense and counterclaim as a matter of law. *Dow Chem. Co.,* 46 S.W.3d at 241-42. While Zapata designated two exhibits for the reporter's record, he fails to present this Court with a complete record. Pursuant to Texas Rule of Appellate Procedure 34.6(c), an appellant may present an appeal on a partial reporter's record if he includes in the request for the reporter's record a statement of the points or issues to be presented on appeal; he will then be limited on appeal to only those points or issues raised. TEX. R.

APP. P. 34.6(c)(1); *Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002) (per curiam). A copy of the request must be filed with the trial court clerk. TEX. R. APP. P. 34.6(b)(2). When an appellant fails to file the statement of appellate points or issues, this Court must presume that the material missing from the reporter's record is relevant and supports the trial court's judgment. *See Bennett*, 96 S.W.3d at 229 (stating that "had [appellant] completely failed to submit his statement of points or issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment"); *In re J.S.P.,* 278 S.W.3d 414, 418 (Tex. App.—San Antonio 2008, no pet.) (same). Here, Zapata neither presents a complete reporter's record nor filed a statement of the points or issues which he intended to present on appeal as required by Rule 34.6(c)(1). We therefore presume the omitted portions of the record are relevant and support the trial court's rejection of Zapata's usury affirmative defense and counterclaim and affirm the trial court's judgment. *Bennett*, 96 S.W.3d at 229.

Conclusion

Having overruled Zapata's sole issue on appeal, we affirm the judgment of the trial court.

Lawrence M. Doss
Justice