**Affirmed and Memorandum Opinion filed May 23, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00476-CV

---

### ROBERT HANSON AND ROBIN HANSON, Appellant

### V.

### ZHOUYUAN ZHANG, Appellee

---

**On Appeal from the County Court at Law No. 4**
**Fort Bend County, Texas**
**Trial Court Cause No. 21-CCV-069420**

---

## MEMORANDUM OPINION

In two issues, appellants Robert and Robin Hanson appeal the county court at law's judgment evicting them from a house in the forcible-detainer action brought by their new landlord, appellee ZhouYuan Zhang ("Zhang"). Tex. Prop. Code Ann. § 24.002. First, the Hansons argue that there is insufficient evidence to support the judgment. Second, the Hansons argue that attorneys' fees were improperly awarded. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

In December 2013, the Hansons began renting a house in Richmond pursuant to a residential lease agreement with Hispamex Realty Investments. The initial term of the lease was from December 26, 2013 to March 31, 2015, requiring rental payment of $1,895.00 a month, after which the Lease renewed on a month-to-month basis.

After the initial term had expired, ZhouYuan Zhang ("Zhang") purchased the residence from Hispamex. The Hansons failed to make rental payments to Zhang as required.

On May 5, 2021, Zhang's property management company sent a notice to vacate to the Hansons. The notice informed the Hansons that $6,934.00 in rent was past-due and that they were required to move out of the residence six (6) days after the date of the notice. The Hansons refused to vacate.[2] On May 18, 2021, Zhang filed a forcible-detainer action against the Hansons in Justice Court, Fort Bend County, Precinct No. 3 ("Justice Court").

The Hansons agree that they were served with the citation for the eviction lawsuit on June 1, 2021, and that a hearing was held on June 8, 2021. The justice of the peace signed a judgment in favor of Zhang for (1) possession of the premises and (2) for court costs and $7,580.00) in rent. *See* Tex. Gov't Code Ann.

---

[1] In the absence of a reporter's record, all facts stated below are based on the pleadings, documents, and papers in the clerk's record.

[2] Though no support is contained in the record, on appeal the Hansons contend that: they regularly and faithfully paid all amounts due to the Original Owner and enjoyed occupancy of the premises for many years; in March 2021, they were notified that their home had been sold to Mr. Zhang who then demanded that the Hansons pay him another security deposit; Mr. Zhang also engaged a management company for the home; the parties entered into discussions regarding the terms for the Hansons' continued occupancy of the home; the management company was to provide the Hansons a log-in for their system so that they could pay rent for the property and failed to do so.

§ 27.031(a)(2) (jurisdiction of justice court). The Hansons appealed on trial de novo to the Fort Bend County Court at Law No. 4 ("Statutory County Court"). Tex. R. Civ. P. 510.9(a), (f), .10(c); *see* Tex. Gov't Code Ann. § 26.042(e) (appellate jurisdiction of county court); Tex. Gov't Code Ann. § 25.0003(a) ("statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts").

The Statutory County Court called the eviction suit to trial on August 11, 2021. The docket sheet indicates that the Statutory County Court heard testimony from Dawn Wilson, Jim Zhang, and Robert Hanson, and that the court admitted Zhang's exhibits A, B, C, and D. Neither party contends that a reporter's record was taken; Zhang affirmatively contends there was none, and the Statutory County Court's reporter representing to be the only court reporter involved with the case has also represented to this court that no reporter's record was made.[3]

After the trial, the Statutory County Court signed an order, which included findings that:

> (1) Zhang was the Owner of the Residence;
>
> (2) the Hansons defaulted under the Lease and Zhang terminated the Hanson's right to occupy the Residence;
>
> (3) Zhang made, and the Hansons received, the notice to vacate required by law;
>
> (4) the Hansons failed to vacate and were guilty of forcible detainer.

In accordance with those findings, the County Court awarded possession to Zhang, and ordered the Hansons to pay Zhang $10,209.00 in past-due rent, post-

---

[3] The docket sheet further indicates that at the time of the Statutory County Court's hearing, the Hansons had no pending application for rental assistance and no interest in participating in the Texas Eviction Diversion Program. ("Defendants have no pending application for rental assistance; no interest to participate in the Texas Eviction Diversion Program.")

judgment interest, $1,350 in attorney's fees, and costs.

## II. SUFFICIENCY OF EVIDENCE

The Hansons first issue on appeal is that the there is insufficient evidence to support the elements required for Zhang to prevail on his claim for forcible detainer.

In our legal-sufficiency review, we credit all evidence and inferences favorable to the trial court's decision if a reasonable factfinder could, and we disregard all evidence contrary to that decision unless a reasonable factfinder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 828 (Tex. 2005). Because the record contains no findings of fact and conclusions of law, we review the trial court's finding that Zhang established that: (1) he is the owner of the property, (2) the Hansons were tenants at sufferance or at will, (3) Zhang made a written demand for possession, (4) Zhang gave notice to the defendant to vacate the premises, and (5) the Hansons refused to vacate the premises. *See* Tex. Prop. Code Ann. §§ 24.002, 24.005; *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017). "If the proceeding's nature, the trial court's order, the party's briefs, or other indications show that an evidentiary hearing took place in open court, then a complaining party must present a record of that hearing to establish harmful error." *Michiana Easy Livin' Country v. Holten*, 168 S.W.3d 777, 783 (Tex. 2005). "The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal." *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990).

However, our appellate record contains no record of the proceedings at trial because no record was made. In the absence of a complete record, certain presumptions apply, unless the appeal is based upon a partial reporter's record. *Emesowum v. Morgan*, No. 14-13-00397-CV, 2014 WL 3587385, at *1–2 (Tex. App.—Houston [14th Dist.] July 22, 2014, pet. dism'd). The Hansons have not

4

undertaken an appeal based upon a partial reporter's record; this is not a case under Texas Rule of Appellate Procedure 34.6(c), which governs partial-record appeals. *See* Tex. R. App. P. 34.6(c); *Bennett v. Cochran,* 96 S.W.3d 227, 229 (Tex. 2002). Therefore, unless our appellate record contains a complete record of the trial, we presume the omitted portions are relevant to the disposition of this appeal. *See Wilson v. Patterson,* No.14–10–00943–CV, 2011 WL 4924252, at * 1 (Tex. App.-Houston [14th Dist.] 2011, no pet.). In the absence of a record upon which to base any review of the evidence, the Hansons' complaint regarding the sufficiency of evidence is not preserved. Tex. R. App. P. 33.1.

We therefore overrule the Hansons' first issue.

### III. ATTORNEYS' FEES AWARD

In their second issue, the Hansons argue that Zhang is not a 'prevailing party' entitled to recover attorney's fees because the forcible detainer suit should not have been permitted to go forward in light of federal and state eviction diversion laws such that the Statutory County Court erred in its application of the CARES Act and the Texas Supreme Court's 37th Emergency Order.

In response, Zhang contends that the Hansons failed to raise this issue prior to appeal. Our review of the Statutory County Court's record reveals the following that the Statutory County Court's electronic docket sheet indicates that Court considered whether the Hansons had applied for rental assistance, but notes that "Defendants have no pending application for rental assistance; no interest in the Texas Eviction Diversion Program":

| | |
|---|---|
| 08/11/2021 | Hearing on Plaintiff's Default Judgment. Present: Atty Daniel Edmunds, Jim Zhang, Dawn Wilson, Defendants Robin Hanson & Robert Hanson. Default Judgment - DENIED. Trial on Eviction proceeded. Defendants have no pending application for rental assistance; no interest to participate in the Texas Eviction Diversion Program. Testimony from Dawn Wilson. Plaintiff's Exhibits A,B,C,D admitted. Testimony from Jim Zhang. Testimony from Robert Hanson. Court's Ruling: In favor of Plaintiff - possession + $10,209 back rent + $1,350 attys fees + court costs. Defendants to vacate by August 31. Writ of possession can issue on September 1. Registry funds to be released to Plaintiff. ~tmw |

As discussed above, no reporter's record was made of the trial. The clerk's record contains no post-judgment motion challenging the attorneys' fees on any grounds. In the absence of an objection to attorneys' fees, the Hansons have not preserved the issue on appeal. TEX. R. APP. P. 33.1.

We therefore overrule the Hansons' second issue on appeal.

## IV. CONCLUSION

We affirm the County Court's judgment.

/s/    Randy Wilson
Justice

Panel consists of Justices Spain, Poissant, and Wilson.

6