# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00135-CV

---

**Jesse James, Appellant**

**v.**

**Lucee Peterson, Appellee**

---

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-22-003520, THE HONORABLE TODD T. WONG, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Jesse James, appearing pro se, appeals from the trial court's final judgment granting a directed verdict for Lucee Peterson and dismissing his claims. We will affirm the judgment.

James initially filed this lawsuit in justice court, asserting claims for conversion and defamation against Peterson. He obtained a post-answer default judgment. Peterson timely filed a de novo appeal to the county court at law, which conducted a bench trial on February 13, 2023. At the conclusion of James's case-in-chief, during which he offered no exhibits, Peterson moved for "directed verdict."[1] The trial court rendered final judgment granting Peterson's motion, ordering that James take nothing against Peterson.

---

[1] Because this was a nonjury trial, we will construe Peterson's motion for directed verdict as a motion for judgment. *See Jae Yoo v. 4300 Burch, LLC*, No. 03-17-00709-CV00492-CV, 2018 WL 3029035, at *1 n.1 (Tex. App.—Austin June 19, 2018, no pet.) (mem. op.).

James filed a notice of appeal from the judgment but did not request a reporter's record despite two notifications from this Court that the record was overdue and that the Court would consider the appeal without the record if he did not provide the Court with written verification that he had requested the record. *See* Tex. R. App. P. 34.6(b) (requiring appellant to request reporter's record). We therefore consider and decide the appeal based solely on the clerk's record and the briefing and, to the extent that a reporter's record is necessary to decide the issues, we will presume that the evidence therein supports the judgment. *See id.* R. 37.3(c); *Caldwell v. Caldwell*, No. 03-10-00292-CV, 2012 WL 5476848, at \*2 (Tex. App.—Austin Nov. 8, 2012, pet. denied) (mem. op).

James's brief consists of one page and does not identify any issues presented for review. Instead, James makes multiple, unsubstantiated factual statements whose relevance to the proceedings below is unclear and unexplained.[2] Although we liberally construe pro se pleadings, we still must hold pro se litigants to the same standards and rules as those represented by counsel. *See Housing Auth. of City of Austin v. Elbendary,* 581 S.W.3d 488, 491 n.1 (Tex. App.—Austin 2019, no pet.). James's brief wholly fails to comply with the briefing rules by not identifying any cognizable legal issues presented for review, including any statement of facts supported by

The clerk's record contains the court reporter's certified Receipt of Exhibits from the trial. The receipt lists no exhibits tendered for filing by James and sixteen exhibits tendered by Peterson. Consistent with that receipt, James in his notice of appeal represents—without further explanation—that he did not "have the means to present [his 50-plus pages of evidence] on the day of" the trial.

[2] Some of those statements read, "I am still coming up with the appeal money for my case"; "the defendant and her father continue to harass me"; "I was negligently notified of my appeal status on May 6th and then another late notice May 15th"; and "I am working on getting a computer, . . . transferring the venue of court, and not letting there be another hearing until all my submitted evidence & further actions by the defendant . . . are thoroughly reviewed by the court."

citations to the record, or making any substantive arguments supported by citations to the record and to legal authority. *See* Tex. R. App. P. 38.1 (listing requirements of briefs). We thus conclude that due to inadequate briefing James has presented no issues for our review and has waived any complaints on appeal pertaining to the trial court's judgment based on insufficient evidence or other actions.

Furthermore, even were we to liberally construe James's brief to be asserting that Peterson was not entitled to a judgment for insufficient evidence, a reporter's record is necessary to consider such a complaint, *Fortenberry v. Birkenfeld*, No. 07-19-00339-CV, 2020 WL 1146710, at *1–2 (Tex. App.—Amarillo March 5, 2020, no pet.) (mem. op.), and in the absence of one we must presume that it supports the judgment, *see* Tex. R. App. P. 34.6; *Bennett v. Cochran*, 96 S.W.3d 227, 228–29 (Tex. 2002) (per curiam). Without a reporter's record or at least an agreed statement of facts, we are "saddled with the impossible task of applying" the legal-sufficiency standard of review applicable to claims of insufficient evidence. *See Fortenberry*, 2020 WL 1146710, at *1. We therefore cannot determine whether the trial court erred in rendering judgment for that reason and must presume that the missing evidence, or the lack of any evidence presented by James, supports the decision. *See id.* at *1–2.

Additionally, to the extent that James is complaining that the trial court did not consider or admit his evidence—which is a generous construction of the one statement in his brief that he will not "let[] there be another hearing until all my submitted evidence" is "thoroughly reviewed by the court"—the absence of a reporter's record prevents us from determining whether he preserved the issue by offering the evidence, obtaining a ruling, and making an offer of proof. *See Henderson v. Moomaw*, No. 03-22-00492-CV, 2024 WL 1745649, at *2 (Tex. App.—Austin Apr. 24, 2024, pet. struck) (mem. op.).

We accordingly affirm the trial court's final judgment.

_____

Thomas J. Baker, Justice

Before Justices Baker, Triana, and Smith

Affirmed

Filed:   August 29, 2024

4