# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-23-00435-CV

---

**Jason M. Waldrep, Appellant**

**v.**

**Robin Ann Waldrep, Appellee**

---

### FROM THE 146TH DISTRICT COURT OF BELL COUNTY
### NO. 322404, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Jason M. Waldrep, appearing pro se, appeals from the trial court's Amended Order Dividing Military Retired Pay (Order). The Order assigned a portion of Jason's disposable military retired pay to his ex-spouse, Robin Ann Waldrep.[1] On appeal, Jason challenges the trial court's calculation of Robin's portion of his retired pay. For the reasons explained below, we affirm the Order.

The Order awards Robin

> a percentage of [Jason's] disposable military retired pay, to be computed by multiplying 50% times a fraction, the numerator of which is TWO HUNDRED THIRTY-THREE (233) months of marriage during [Jason's] creditable service, divided by [Jason's] total number of months of creditable military service at the time of divorce, which in this case is TWO HUNDRED FORTY-SEVEN (247) months.

---

[1] Because the parties have the same surname, for clarity we refer to them by their first names.

In two issues, Jason contends that the trial court (1) erred in calculating his total creditable service time (the denominator in the above equation) by not including inactive service time that he served in the Texas National Guard and instead counting only his active-duty service time and (2) erred in failing to consult applicable law governing the calculation of creditable years of service. He also complains about documents purportedly provided to and reviewed by the trial court during a hearing on this issue, but Jason did not pay for the reporter's record, make payment arrangements for its preparation, or assert that he was entitled to its preparation without cost—despite notice from the court reporter and from this Court—and thus no reporter's record was filed with this Court.[2] *Cf.* Tex. R. App. P. 35.3(b). We cannot therefore address his arguments pertaining to what documents or evidence were reviewed or admitted by the trial court at the hearing. *See id.* R. 37.3(c) (when there is no reporter's record, appellate courts are limited to considering only those issues that do not require reporter's record for decision); *see also Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013) (when reporter's record is not requested, appellate courts "imply all relevant facts necessary to support the judgment that are supported by evidence"); *Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) (when appellant has not requested reporter's record, reviewing courts must presume that missing evidence supports trial court's ruling).

As to Jason's argument about the trial court's determination of total creditable service time, we consider the applicable law he cites, Section 1408 of Title 10 of the United States Code. *See* 10 U.S.C. § 1408. That statute, titled "Payment of retired or retainer pay in compliance

---

[2] Jason filed a document with this Court—a "DA Form 5016" with the heading "Chronological Statement of Retirement Points"—but such document is not file-stamped and is not a part of the appellate record, and therefore we may not consider it. *See* Tex. R. App. P. 34.1 (contents of appellate record); *Save Our Springs All., Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 892 (Tex. App.—Austin 2010, pet. denied) ("We are limited to the appellate record provided."); *see also* Tex. R. App. P. 34.5a (specifying procedures and contents for filing of appendix in lieu of clerk's record).

with court orders," contains twelve subsections. *See id.* Jason neither specifies any applicable subsection(s) nor explains the statute's significance or applicability to his issues.[3] Beyond mere citation to Section 1408, Jason makes no cognizable argument to support his contention that his inactive National Guard time should have been included in the computation of total years of service, nor does he cite any evidence in the record supporting his bare assertion that, instead of totaling 247 months, his service time amounted to a higher number (specifically, 270 months).

Although we liberally construe pro se pleadings, we still must hold pro se litigants to the same standards and rules as those represented by counsel. *See Housing Auth. of City of Austin v. Elbendary*, 581 S.W.3d 488, 491 n.1 (Tex. App.—Austin 2019, no pet.). When, as here, the brief contains no substantive arguments supported by legal authority or citations to the record, nothing is presented for review. *See Mamoe v. Mamoe*, No. 03-23-00258-CV, 2024 WL 4137329, at *2 (Tex. App.—Austin Sept. 11, 2024, no pet.) (mem. op.); *Farkas v. Wells Fargo Bank, N.A.*, No. 03-14-00716-CV, 2016 WL 7187476, at *3 (Tex. App.—Austin Dec. 8, 2016, no pet.) (mem. op.) ("In the absence of appropriate record citations or a substantive analysis, a brief does not present an adequate appellate issue."); *see also Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015) ("Failure to provide citations or argument and analysis as to an appellate issue may waive it."); Tex. R. App. P. 38.1 (requiring briefs to contain, among other items, clear and concise argument for contentions made, supported by citations to record and authority). Because Jason has not supported his issues on appeal with clear and concise argument, legal authority, or record citations, we conclude that he has waived his complaints. *See Mamoe*, 2024 WL 4137329, at *2.

---

[3] Jason also references "DoD FMR chapter 29" to support his issues but does not explain the significance of that authority or identify an applicable section or subsection.

We affirm the trial court's Order.

_____

Karin Crump, Justice

Before Justices Triana, Kelly, and Crump

Affirmed

Filed:   January 31, 2025