# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00660-CV

---

**Suresh Kumar Mynam, Appellant**

**v.**

**Midas International Corporation, Appellee**

---

### FROM THE 425TH JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 25-1545-C425, THE HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Suresh Kumar Mynam appeals from the trial court's order designating him a vexatious litigant and requiring him to post security before continuing to prosecute his lawsuit against Midas International Corporation. *See* Tex. Civ. Prac. & Rem. Code §§ 11.055, .101. For the following reasons, we will affirm the order.

## BACKGROUND

Mynam sued Midas for negligence, breach of contract, and violations of the Texas Deceptive Trade Practices Act (DTPA) after his vehicle's engine "seized up" allegedly because of Midas's failure to secure the engine-oil plug after an oil change. After answering and filing a general denial, Midas filed a motion for an order determining Mynam a vexatious litigant and requiring him to furnish security to maintain his lawsuit. *See id.* §§ 11.054, .055. After an evidentiary hearing on Midas's motion, the trial court rendered the order that is the subject of

this appeal.[1] The order declared Mynam a vexatious litigant, required him to obtain permission from the local administrative district judge before filing any new litigation, and required him to post a bond of $25,000 by October 6, 2025, or else his suit would be dismissed. *See id.* §§ 11.054(1), .055, .056, .103. Mynam perfected this interlocutory appeal from the order. *See id.* § 11.101(c).

## DISCUSSION

We review a trial court's ultimate determination that a plaintiff is a vexatious litigant under an abuse-of-discretion standard, considering whether the court ruled arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.—Austin 2005, pet. denied). However, because a trial court must make certain statutory evidentiary findings before exercising its discretion to declare a party a vexatious litigant, we also review those statutory evidentiary findings for legal and factual sufficiency. *See id.* When reviewing findings for legal sufficiency, if there is more than a scintilla of evidence to support the finding, the no-evidence challenge fails. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Leonard*, 171 S.W.3d at 459. When reviewing findings for factual sufficiency, we set aside the trial court's decision only if its ruling is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Leonard*, 171 S.W.3d at 459.

---

[1] No reporter's record of the hearing has been filed with this Court because Mynam did not request one and did not pay or make arrangements to pay for it. *Cf.* Tex. R. App. P. 34.6(b) (providing that it is appellant's responsibility to request reporter's record).

For the court to designate a plaintiff a vexatious litigant, the defendant must demonstrate that, as relevant here, (1) there is no reasonable probability the plaintiff will prevail in the litigation against the defendant and (2) the plaintiff has commenced, prosecuted, or maintained at least five litigations as a pro se litigant that have been finally determined adversely to him in the seven years preceding the filing of the defendant's motion. *See* Tex. Civ. Prac. & Rem. Code § 11.054. In his brief, Mynam concedes that the second requirement is met. He challenges, however, the first requirement, which he describes as requiring the defendant to demonstrate that the plaintiff has "a pattern of frivolous or malicious litigation." But Mynam misconstrues that requirement; the statute expressly requires, instead, the defendant to demonstrate there is "no reasonable probability that the plaintiff will prevail in the litigation," a requirement distinct from what Mynam proposes. In any event, because Mynam outlines in his brief "evidence" he claims supports his negligence claim and argues that the trial court did not allow him a fair opportunity to present the merits of his case, we consider whether the trial court properly determined that Mynam had no reasonable probability of prevailing in this litigation. *See id.*

Midas argued in its motion that there was no reasonable probability that Mynam would prevail on his claims because he could not prove causation or damages for any of his claims, Midas had no legal duty to Mynam with respect to his negligence claim, and Mynam had not specified any actionable conduct under the DTPA or alleged that Midas engaged in any false or deceptive conduct. Midas supported its motion with evidence including its invoice for the work it performed on Mynam's car, its requests for admissions that it served on Mynam (and that were deemed admitted due to Mynam's failure to respond, *see* Tex. R. Civ. P. 194.2), and copies of court documents from other legal proceedings prosecuted by Mynam. Midas argued that

Mynam had no reasonable probability of prevailing on his claims that Midas caused his car's engine to seize up or that he suffered any damages from Midas's actions because the undisputed evidence showed the following: Mynam visited Midas's shop to address a low-tire-pressure warning; Mynam's car was already leaking oil when he brought it into Midas's shop; Mynam paid $800 in cash for a tire repair, oil change, and valve-cover-gasket replacement. Mynam declined to make all of the repairs that Midas deemed were critical and that were causing his car to leak oil, including also replacing the oil-pan gasket; after Midas performed the tire repair and oil change, Mynam drove his car over 1,500 miles before the alleged engine-seizing incident occurred, about twelve days after Midas's service; and Mynam testified in his deposition that his car's engine had since been replaced at no out-of-pocket expense to him by the manufacturer because it was still under warranty. Also, in the deemed admissions, Mynam admitted that the alleged occurrence made the basis of his suit was proximately caused, at least in part, by his own negligence. Because no reporter's record was filed with this Court, we cannot determine what additional evidence Midas introduced at the hearing on its motion.

Mynam argues that he has "evidence" supporting his negligence claim, which he attaches as an exhibit to his brief.[2] He identifies the exhibit as a "Technical Probability Analysis of Engine Seizure Cause," which consists of a few typewritten paragraphs of unspecified authorship stating there is a 70-80% likelihood the engine failure was caused by technician error in failing to secure the engine-oil plug, and a less than 10% likelihood of any other cause, such as manufacturer defect or external impact. Assuming that this exhibit could be considered competent evidence to support his claim, however, the clerk's record reflects that the exhibit was

---

[2] He does not argue that there is any evidence to support his breach-of-contract or DTPA claims.

4

not filed with the court before it signed its vexatious-litigant order. We cannot consider evidence that was not before the trial court when it made its challenged ruling. *See, e.g.*, *Henderson v. Armbrust & Brown, PLLC*, No. 03-24-00509-CV, 2025 WL 492506, at *6 n.8 (Tex. App.—Austin Feb. 14, 2025, no pet.) (mem. op.). Moreover, in the absence of a reporter's record, we must presume that the trial court heard sufficient evidence to make all necessary findings in support of its judgment. *See Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002); *De Leon v. De Leon*, No. 03-15-00027-CV, 2016 WL 4506783, at *1 (Tex. App.—Austin Aug. 24, 2016, no pet.) (mem. op.); *see also* Tex. R. App. P. 37.3(c) (if no reporter's record is filed due to appellant's fault, appellate court may consider those issues that do not require reporter's record).

Based on the evidence referenced in and attached to Midas's motion, as well as the evidence we must presume the trial court heard at the hearing in support of its ruling, we cannot conclude that the trial court abused its discretion in finding that Mynam had no reasonable probability of prevailing on the merits of this lawsuit. We overrule Mynam's appellate issue.

## CONCLUSION

We affirm the trial court's order declaring Mynam a vexatious litigant.

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Affirmed

Filed: November 20, 2025

5