# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00180-CV

**Brian Robert Cunningham, Appellant**

**v.**

**Brent Cunningham, Appellee**

### FROM THE COUNTY COURT OF CALDWELL COUNTY
### NO. 25CV-07658, THE HONORABLE RICHARD R. HICKS, III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this forcible-detainer case, Brian Robert Cunningham, appearing pro se, appeals from the trial court's judgment awarding possession of the subject premises to Brent Cunningham.[1] For the following reasons, we affirm the judgment.

### BACKGROUND

Brent, as Successor Trustee of the Lock Trust (Trust), filed a petition for forcible detainer against Brian in justice court. In his petition, Brent alleged that the Trust owns the premises at issue and that Brian has no lease or right of possession to it. He attached to his petition a copy of the Trust and a November 12, 2024 court order finding Patricia Louise Lock—the parties' mother and the Trust's settlor and original trustee—incapacitated and appointing a guardian of the person and of the estate. The Trust specifies that upon Lock's incapacity, Brent

---

[1] Because the parties share a surname, for clarity we will refer to them by their first names.

is to become the Successor Trustee. Brent alleged that he had provided Brian with the required written notice to vacate but that Brian had refused to vacate. *See* Tex. Prop. Code § 24.005 ("Notice to Vacate Prior to Filing Eviction Suit"). The justice court rendered judgment against Brian, and Brian filed a de novo appeal with the county court at law (trial court). *See* Tex. R. Civ. P. 510.9, 510.10(c).

Brian filed an answer in the trial court but did not appear for the bench trial, despite the record's demonstrating that he was sent notice by certified mail. After the bench trial, the trial court rendered a default judgment against Brian.[2] He did not file a motion for new trial, although he filed two other post-judgment motions: a "Motion for Reconsideration" and a "Motion for Relief of Judgment." He did not support either of those motions with evidence. After posting bond in the amount set by the trial court, Brian perfected this appeal.

## DISCUSSION

Brian raises five issues on appeal, which we address together because they rest on the same fundamental argument: that the Trust has been revoked and voided by a "properly executed Certificate of Trust dated March 11, 2025." This purported Certificate of Trust, Brian contends, both deprived Brent of standing to bring this action and demonstrated that Brian has a superior right to possession of the premises. In his answer filed with the trial court, Brian contended that Brent "does not have any standing" because "the governance of the Lock Trust" was "changed," "voided," and "nullified."

---

[2] No reporter's record of the trial was filed with this Court because Brian did not pay for it or make arrangements to pay for it; he also did not demonstrate that he was entitled to proceed without payment, as was his responsibility. *See* Tex. R. App. P. 34.6(b), 35.3(b).

Despite referencing in his brief a March 11, 2025 "Certificate of Trust" purportedly demonstrating that the Trust was voided, Brian does not cite any evidence in the record supporting his contention that the Trust had been voided by this instrument or by any other instrument before the judgment was rendered on February 18, 2025. Therefore, he has not supported his argument that Brent lacked standing as the Trust's successor trustee to bring this action, and we accordingly uphold the trial court's implied determination that Brent had standing. *See* Tex. Prop. Code §§ 113.083(a) (providing that on trustee's incapacity, "a successor trustee shall be selected according to the method, if any, prescribed in the trust instrument"), .084 (providing that successor trustee has "the rights, powers, authority, discretion, and title to trust property conferred on the trustee"); *Farmers Tex. Cnty. Mut. Ins. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020) (noting that appellate courts review standing determinations de novo and construe pleadings in plaintiff's favor as well as consider relevant evidence offered by parties).

For the same reason, Brian's argument that he holds a "superior right of possession" based on the March 11, 2025 "Certificate of Trust" fails. In the absence of a reporter's record, we must presume that the trial court heard sufficient evidence to make all necessary findings in support of its judgment, including that Brent was the successor trustee with a superior right to possession of the premises owned by the Trust. *See Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002); *De Leon v. De Leon*, No. 03-15-00027-CV, 2016 WL 4506783, at *1 (Tex. App.—Austin Aug. 24, 2016, no pet.) (mem. op.); *see also* Tex. R. App. P. 37.3(c) (if no reporter's record is filed due to appellant's fault, appellate court may consider those issues that do not require reporter's record).

Also, although Brian argues that the trial court's judgment deprived him of "due process" and that "public policy" requires reversal of the judgment, he supports those arguments with nothing more than the same contentions he makes to support his standing argument: that the Trust was voided and that he therefore has a superior right to possession of the premises. Again, he cites no evidence in the record to support these arguments. Furthermore, even construing either of Brian's post-judgment motions as a motion for new trial, he did not attach any evidence to the motions in support thereof. *Cf., e.g.*, *In re Marriage of Ordaz & Cuba*, No. 13-23-00177-CV, 2024 WL 3963900, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 28, 2024, no pet.) (mem. op.) (noting that motion for new trial is proper vehicle to set aside post-answer default judgment and that such motion preserves issues properly asserted therein if supported by affidavits or other competent evidence).

Because Brian has not demonstrated any reversible error by the trial court, we overrule his appellate issues.

## CONCLUSION

We affirm the trial court's judgment.

_____

Karin Crump, Justice

Before Justices Triana, Theofanis, and Crump

Affirmed

Filed:  December 9, 2025

4