

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-24-00199-CV
_____

IN THE MATTER OF THE MARRIAGE OF LAURA YVONNE GARCIA AND
ARNOLDO GARCIA, JR. AND IN THE INTEREST OF I.A.G. AND R.A.G., CHILDREN

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 81392-A, Honorable Dee Johnson, Presiding

January 22, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant Arnoldo Garcia, Jr. (Husband) appeals from a final decree of divorce and determination of conservatorship. He challenges two pretrial discovery rulings. Appellee is Laura Yvonne Garcia (Wife). We overrule Husband's two issues and affirm the trial court's decree.

## Background

Because Husband does not challenge the sufficiency of evidence in conjunction with the trial court's exercise of its discretion and provides only a partial reporter's record

without a statement of issues,[1] we outline only the facts necessary to address his two issues.

Seven days before final hearing, Husband appeared in support of a motion to compel discovery. In addition to call and text records, he sought production of Wife's cell phone contents, including photos, data, social media comments, and other information. Wife no longer possessed the phone. The record showed Husband had already obtained screenshots of over 1,500 images, including some text messages, and indicated Wife's phone had been on an account in Husband's name prior to separation.

Ultimately, the trial court limited discovery to Wife's phone billing records up until the time of separation and denied Husband's request for continuance. The court noted the case had been pending nearly eighteen months, which was sufficient time to conduct discovery.

**Analysis**

Texas Rule of Appellate Procedure 34.6(c) allows an appellant to request a partial reporter's record. TEX. R. APP. P. 34.6(c). However, the appellant must include a statement of the points or issues to be presented on appeal; his appeal is likewise limited to those issues. *Id.* at 34.6(c)(1). Under these circumstances, the appellate court must presume that portion of the reporter's record "constitutes the entire record for purposes of reviewing the stated points or issues." *Id.* at 34.6(c)(4).

On the other hand, when, as here, an appellant provides a partial reporter's record without the required list of points or issues, the appellant receives no presumption of a

---

[1] Husband brought forward the reporter's record from a pretrial hearing and an excerpt of Wife's testimony from final hearing. The remainder of the record of final hearing was omitted from the appellate record.

2

complete record; the appellate court, instead, presumes the *omitted portions* of the reporter's record support the trial court's findings. *In re Est. of Emanuel,* No. 01-23-00316-CV, 2024 Tex. App. LEXIS 1428, at *5-6 (Tex. App.—Houston [1st Dist.] Feb. 27, 2024, no pet.) (mem. op.). *See also Bennett v. Cochran,* 96 S.W.3d 227, 229 (Tex. 2002) (per curiam) (explaining "[t]here is no question that, had [appellant] completely failed to submit his statement of points or issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment.").

In this case, Appellant neither requested a partial reporter's record nor provided a statement of points or issues as required by Rule 34.6(c)(1). This omission is particularly significant because the complaints in his brief center on how the discovery rulings affected determinations such as which parent should be appointed primary conservator and fault in the marriage's dissolution. These issues require examining a broad range of factors. Determination of conservatorship questions looks to the child's best interest as its "primary consideration," weighing circumstances under both the Family Code and the non-exclusive factors articulated in *Holley v. Adams*.[2] Similarly, a finding of fault in a marriage's breakup regards multiple factors that may—or may not—justify a disproportionate division of property.[3] For the reasons explained below, Appellant's failure to request a complete record is fatal to his issues on appeal regarding these multi-factored considerations.

In his first issue, Husband argues that Wife failed to fully respond to his requests for disclosures and that the trial court erred by not requiring her to fully respond. More

---

[2] *See* TEX. FAM. CODE ANN. §§ 153.002, 153.134; *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976).

[3] *See Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981).

3

specifically, Husband complains about the trial court's rulings regarding the information related to Wife's phone. However, as the appealing party, Husband is required to show that the trial court's erroneous ruling probably caused the rendition of an improper judgment or properly prevented him from making an adequate presentation on appeal. *See* TEX. R. APP. P. 44.1(a); *Ford Motor Co. v. Castillo,* 279 S.W.3d 656, 667 (Tex. 2009) ("If the trial court abuses its discretion in a discovery ruling, the complaining party must still show harm on appeal to obtain a reversal."). The Supreme Court has held that probable error "is not subject to precise measurement, but it is something less than certitude; it is a matter of judgment drawn from an evaluation of the whole case from voir dire to closing argument, considering the state of the evidence, the strength and weakness of the case, and the verdict." *TXI Transp. Co. v. Hughes,* 306 S.W.3d 230, 242–43 (Tex. 2010) (cleaned up).

Without the evidentiary record, it is impossible for Husband to demonstrate he was harmed by the trial court's discovery ruling regarding the information on Wife's phone. *See id*; *Soard v. Univ. of Tex. Health Sci. Ctr.,* No. 14-01-01110-CV, 2002 Tex. App. LEXIS 8978, at *4-6 (Tex. App.—Houston [14th Dist.] Dec. 19, 2002, no pet.) (not designated for publication) (holding that trial court's alleged error in the exclusion of the evidence was harmless in light of appellant's failure to provide complete reporter's record); *Kessling v. Meno*, No. 03-95-00296-CV, 1996 Tex. App. LEXIS 2579, at *7 (Tex. App.—Austin June 26, 1996, no writ) (not designated for publication) (stating the appellant had the burden of presenting the court of appeals with a sufficient record to show reversible error; absent a complete record, explained the court, an appellant can show neither error nor harm). Accordingly, even if we disagreed with the trial court's ruling, a determination that is

4

unnecessary here, Husband fails to demonstrate that the error compels reversal of the judgment. *See* T ᴇx. R. Aᴘᴘ. P. 44.1(a). Husband's first issue is overruled.

In his second issue, Husband complains that the trial court erred by failing to exclude evidence pursuant to Texas Rule of Civil Procedure 193.6(a).[4] Here, Husband argues that Wife acknowledged she knew her phone contained relevant information (including evidence of adultery), but actively sought to prevent his access to it by filing objections and defending against the motion to compel. Again, however, we are left with an incomplete reporter's record, so it is impossible to determine whether such an omission was material to the judgment. Accordingly, even if we disagreed with the trial court's ruling, Husband fails to demonstrate how such error compels reversal of the judgment. *See* T ᴇx. R. Aᴘᴘ. P. 44.1(a). Husband's second issue is overruled.

## Conclusion

Having overruled Husband's two issues we affirm the judgment of the trial court.


Lawrence M. Doss
Justice

---

[4] That Rule provides:

(a) **Exclusion of Evidence and Exceptions.** A party who fails to make, amend, or supplement a discovery response, including a required disclosure, in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:
    (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or
    (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

T ᴇx. R. Cɪv. P. 193.6(a).

5