# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-24-00145-CV
---

**Christopher Bell, Appellant**

**v.**

**Joann Bell, Appellee**

---
### FROM THE 169TH DISTRICT COURT OF BELL COUNTY
### NO. 322086, THE HONORABLE CARI L. STARRITT-BURNETT, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

Christopher Bell, appearing pro se, appeals from the trial court's order in a suit to modify the parent–child relationship rendered after an evidentiary hearing. The order appointed Joann sole managing conservator and Christopher possessory conservator of the parties' fifteen-year-old child (Child).[1] In the order, the trial court found that Christopher should not be appointed managing conservator because it would not be in Child's best interest because such appointment would significantly impair Child's physical health or emotional development. *See* Tex. Fam. Code § 153.131. The order further required Christopher to complete a thirty-hour high-conflict parenting course before he may exercise his possession periods, which must be supervised and are limited to the first, third, and fifth weekend of each month and to Father's Day. As explained below, we affirm the order.

---

[1] Because the parties share a surname, for clarity we refer to them by their first names.

Christopher contends on appeal that the evidence was legally and factually insufficient to support the trial court's findings in the order that his appointment as managing conservator would significantly impair Child's physical health or emotional development, that the imposition of supervised visitations is in the best interest of Child, and that Joann should be appointed Child's sole managing conservator. He also complains that the trial court "erred by admitting statements and false accusations of Father" and that it violated his constitutional rights to due process and equal protection by severely limiting his possession of Child.[2] However, Christopher did not request a reporter's record, and thus no reporter's record was filed in this Court. *See* Tex. R. App. P. 34.6(b) (providing that it is appellant's responsibility to request reporter's record). In the absence of a reporter's record, we must presume that the trial court heard sufficient evidence to make all necessary findings in support of its judgment. *Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002); *De Leon v. De Leon*, No. 03-15-00027-CV, 2016 WL 4506783, at *1 (Tex. App.—Austin Aug. 24, 2016, no pet.) (mem. op.); *see also* Tex. R. App. P. 37.3(c) (if no reporter's record is filed due to appellant's fault, appellate court may consider those issues that do not require reporter's record). Each of Christopher's issues requires a review of the reporter's record, which is not before us. Consequently, Christopher has not shown reversible error, and we affirm the trial court's order.[3]

---

[2] Christopher does not challenge the constitutionality of any of the Family Code provisions authorizing trial courts to limit a parent's possession and access when determining a child's best interest.

[3] We recognize that Christopher has attempted to represent himself in this proceeding, but we must apply the same substantive and procedural standards to him as we do to litigants represented by counsel, lest we afford him an unfair advantage merely because he is pro se. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

_____

Karin Crump, Justice

Before Justices Theofanis, Crump, and Ellis

Affirmed

Filed:   May 29, 2025