# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00287-CV

---

**Jeremy Harlow, Appellant**

**v.**

**Tara Thompson, Appellee**

---

### FROM COUNTY COURT AT LAW NO. 3 OF COMAL COUNTY
### NO. 2024CV0078, THE HONORABLE DEBORAH WIGINGTON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Jeremy Harlow, appearing pro se, appeals from the trial court's final judgment rendered in favor of Tara Thompson after a bench trial on her breach-of-contract and breach-of-warranty claims. Thompson initially sued Harlow in justice court for damages after he allegedly built a faulty patio for her. After the justice court rendered judgment for Thompson, Harlow appealed to the county court. Obtaining an unfavorable judgment at the county court, Harlow perfected this appeal.

On appeal, Harlow challenges the sufficiency of the evidence to support the judgment. However, Harlow did not request a reporter's record, and thus no reporter's record was filed in this Court. *See* Tex. R. App. P. 34.6(b) (providing that it is appellant's responsibility to request reporter's record). In the absence of a reporter's record, we must presume that the trial court heard sufficient evidence to make all necessary findings in support of its judgment.

*Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002); *De Leon v. De Leon*, No. 03-15-00027-CV, 2016 WL 4506783, at *1 (Tex. App.—Austin Aug. 24, 2016, no pet.) (mem. op.); *see also* Tex. R. App. P. 37.3(c) (if no reporter's record is filed due to appellant's fault, appellate court may consider those issues that do not require reporter's record). Harlow's evidentiary-sufficiency issues—which comprise all his issues on appeal—require a review of the reporter's record, which is not before us. Consequently, he has not shown reversible error, and we affirm the trial court's judgment.[1]

 

_____

Karin Crump, Justice

Before Justices Theofanis, Crump, and Ellis

Affirmed

Filed:   June 11, 2025

---

[1] We recognize that Harlow has attempted to represent himself in this proceeding, but we must apply the same substantive and procedural standards to him as we do to litigants represented by counsel, lest we afford him an unfair advantage merely because he is pro se. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).