

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00037-CV

Peter **VALLECILLO**,
Appellant

v.

Veronica **GONZALEZ**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-CI-06199
Honorable Benjamin Robertson, Judge Presiding

Opinion by:   Rebeca C. Martinez, Chief Justice

Sitting:   Rebeca C. Martinez, Chief Justice
Lori Massey Brissette, Justice
Karen Angelini, Justice (Retired)[1]

Delivered and Filed: January 28, 2026

AFFIRMED

Appellant Peter Vallecillo challenges the legal and factual sufficiency of the evidence to support jury findings that resulted in a take-nothing judgment on his claims. Because Vallecillo has not provided us with the entire trial record or designated a partial record in compliance with Texas Rule of Appellate Procedure 34.6(c), we affirm.

---

[1] Retired Fourth Court of Appeals Justice Karen Angelini sitting by assignment. *See* TEX. GOV'T CODE ANN. § 74.003.

**BACKGROUND**

Vallecillo sued appellee Veronica Gonzalez for defamation and for filing a purportedly frivolous complaint with the Texas Ethics Commission ("TEC"). *See* TEX. GOV'T CODE ANN. § 571.176(b) (providing for civil liability when a person files a frivolous complaint with the TEC). Gonzalez denied the allegations. In December 2024, the case was tried before a jury. At the conclusion of trial, the jury answered "No" to three questions that the trial court had submitted to the jury: Question No. 1: "Were Veronica Gonzalez's Texas Ethics Commission Sworn Complaints defamatory concerning Peter Vallecillo?"; Question No. 4: "Was Veronica Gonzalez's February 14, 2022 Texas Ethics Commission Sworn Complaint frivolous?"; and Question No. 5: "Was Veronica Gonzalez's February 15, 2022 Texas Ethics Commission Sworn Complaint frivolous?"[2] As charged, the jury did not reach the remaining questions. Upon receiving these responses, the trial court entered a final, take-nothing judgement in favor of Gonzalez and against Vallecillo. Vallecillo timely appealed. Although Vallecillo was represented by trial counsel, he has pursued his appeal *pro se*.

After the appeal had been pending for several months, the court reporter who recorded trial proceedings filed a notification of late record, indicating that the reporter's record had not been filed when originally due because appellant had failed to pay or make arrangement to pay for the record. The court reporter explained in his notice: "I have given the estimate to Mr. Vallecillo and will further discuss the estimate with him tomorrow, March 26, 2025, to discuss terms of payment." Mr. Vallecillo then filed a letter in our court, stating:

> On March 25, 2025, I received a text message from [the court reporter,] Mr. Duran. (See Attached). Mr. Duran quoted the price of the entire trial transcript as $3,633.00 and the cost for Ms. Gonzalez [sic] testimony to the end of the trial was $1,407.00. . . .

---

[2] These questions provided definitions for "defamatory," "frivolous," "groundless," and "bad faith."

. . .

> My intention was to possibly reach a payment plan agreement with Mr. Duran for the $1,407.00 for Ms. Gonzalez' testimony and to the end of the trial transcript.

The referenced text message was attached to Vallecillo's letter as well as a copy of an email that Vallecillo had sent to the court reporter shortly after Vallecillo had perfected his appeal. The email states:

> Mr. Duran, I am requesting the cost of the entire court transcript and considering may be [sic] just the court transcript beginning from Ms. Gonzalez' testimony to the end of the trial. If you would be kind enough to provide me with the cost for both, I would appreciate it. I am evaluating my budget.

We extended the time for the court reporter to file the record, and, later, the court reporter filed the reporter's record by the extended deadline. The filed reporter's record consists of three volumes: a master index, a volume from the first day of trial, and a volume from the second day of trial. Each volume concludes with a certification by the reporter that the record "contains a true and correct transcription of all portions of evidence and other proceedings requested orally or in writing by counsel for the parties to be included" and "correctly reflects the exhibits, if any, admitted by the respective parties." The second volume begins with Gonzalez's testimony from her case-in-chief, and it ends with Gonzalez resting. The third volume begins with Vallecillo testifying in rebuttal; continues with Gonzalez testifying in rebuttal; and concludes with closing arguments and the jury's verdict. No volume of the reporter's record includes exhibits, although an admitted exhibit was referenced during Gonzalez's testimony, and no volume includes Vallecillo's testimony during his case-in-chief or the testimony of Guillermo Osorio or Joseph Nazaroff, whom the parties and attorneys reference as witnesses from Vallecillo's case-in-chief. Based on Vallecillo's and the court reporter's communications and on references to missing

testimony in the partial record, it appears that the filed record omits approximately half of the entire trial record, including Vallecillo's entire case-in-chief.

The clerk's record does not include Vallecillo's request for a reporter's record. *See* TEX. R. APP. P. 34.5(9) (generally requiring the clerk's record to include "any request for a reporter's record, including any statement of points or issues under Rule 34.6(c)"). Vallecillo also has not filed a statement of points or issues in our court. *See id.* R. 34.6(c)(1) ("If the appellant requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues."); *Furr's Supermarkets, Inc. v. Bethune*, 53 S.W.3d 375, 377 (Tex. 2001) (holding statement of issues separate from request for reporter's record was sufficient under Rule 34.6(c)). After the record was filed, the parties filed their briefs. Neither party noted the partial reporter's record in briefing. Vallecillo asserts in his brief five issues, which all concern the legal and factual sufficiency of the evidence to support the jury's verdict.[3]

## DISCUSSION

An appellant has the burden to bring forward a record showing reversible error. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987); *Cruz v. Cruz*, No. 04-17-00594-CV, 2018 WL 6793847, at *4 (Tex. App.—San Antonio Dec. 27, 2018, no pet.) (mem. op.). In accordance with this burden, appellate courts historically applied a common law presumption that

---

[3] Vallecillo's issues are:

1. Were Appellee Veronica Gonzalez' TEC complaints defamatory;

2. Was Appellee Veronica Gonzalez' TEC complaint dated February 14, 2022, Frivolous;

3. Was Appellee Veronica Gonzalez' TEC complaint dated February 15, 2022, Frivolous;

4. The preponderance of evidence does not support the jury verdict; and

5. There was insufficient evidence to support the jury's verdict[.]

anything omitted from the record was relevant to and supported the judgment. *Harris v. Hooper*, No. 04-10-00378-CV, 2011 WL 4389908, at *2 (Tex. App.—San Antonio Mar. 2, 2011, no pet.) (citing *W & F Transp., Inc. v. Wilhelm*, 208 S.W.3d 32, 37 (Tex. App.—Houston [14th Dist.] 2006, no pet.)).

Texas Rule of Appellate Procedure 34.6(c) was implemented to avoid this common law presumption. *Id.* (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam)); *see also W & F Transp.*, 208 S.W.3d at 37–39. The rule sets forth the procedures that apply when an appellant requests some, but not all, portions of the reporter's record. *See* TEX. R. APP. P. 34.6(c); *Harris*, 2011 WL 4389908. Pursuant to the rule, an appellant may present an appeal on a partial reporter's record and not be subject to the common law presumption if the appellant includes with the appellant's request for the reporter's record a statement of the points or issues to be presented on appeal. TEX. R. APP. P. 34.6(c)(1), (4). "This statement limiting the points or issues to be presented on appeal puts the other parties on notice that the appellate court will presume the designated portions of the record constitute the entire record for reviewing the stated points or issues, and it allows the other parties the opportunity to request any additional portions of the record they believe are relevant to the issues or points." *Mason v. Our Lady Star of Sea Catholic Church*, 154 S.W.3d 816, 819 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (citing TEX. R. APP. P. 34.6(c)(2), (4)).

Although Rule 36.4(c)(1) states that an appellant must include the statement of issues in its request for the reporter's record, the Texas Supreme Court has held a statement of the issues need not be included in the request, so long as the statement is filed in time for the other parties to designate any additional relevant portions of the record and to prepare their appellate briefs. *See Bennett v. Cochran*, 96 S.W.3d 227, 228–30 (Tex. 2002) (allowing Rule 34.6(c)(4) presumption,

even though appellant filed his statement of issues almost two months late, where there was no assertion that the delay prejudiced appellee's preparation or presentation of the case); *cf. Mason*, 154 S.W.3d at 819 (refusing presumption allowed by Rule 34.6(c)(4) where appellant sought leave to file her statement of issues almost nine months after it was due and shortly before the case was set for oral argument upon full briefing). While adopting "a more flexible approach" to Rule 34.6(c) in certain cases, the supreme court has warned: "[L]itigants should not view our relaxation of rules in a particular case as endorsing noncompliance. While we seek to resolve appeals on their merits, litigants who ignore our rules do so at the risk of forfeiting appellate relief." *Bennett*, 96 S.W.3d at 230. The supreme court specifically noted: "There is no question that, had [the appellant] completely failed to submit his statement of points or issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment." *Id.* at 229.

Here, we are presented with the exact failure contemplated by the supreme court. The clerk's record for this appeal does not include any request for a reporter's record, and Vallecillo did not file a statement of points or issues as a separate document in this appeal. While Vallecillo included text and email communications with the court reporter as attachments to a letter filed with us, these communications — even were we to consider them for Rule 34.6(c) compliance — do not satisfy the rule because the communications do not include any statement of the points or issues to be presented on appeal. *See* TEX. R. APP. P. 34.6(c)(1).

Thus, because Vallecillo completely failed to submit a statement of points or issues, we cannot apply the Rule 34.6(c)(4) presumption that the partial reporter's record that was filed constitutes the entire record for purposes of reviewing Vallecillo's appellate issues. *See id.* R. 34.6(a)(4); *Bennett*, 96 S.W.3d at 229. Instead, we must apply the contrary presumption that the missing portions of the reporter's record contain relevant evidence that supports the trial court's

judgment. *See Bennet*, 96 S.W.3d at 229–230; *Ortegon v. Benavides*, No. 04-05-00768-CV, 2008 WL 577175, at *8 (Tex. App.—San Antonio Mar. 5, 2008, pet. denied) (mem. op.).

Applying this presumption, we must overrule Vallecillo's issues. Vallecillo argues that the trial evidence is not legally or factually sufficient to support the jury's findings that Gonzalez's complaints were not defamatory or frivolous. Vallecillo argues that the trial evidence establishes the opposite. However, to rule in Vallecillo's favor on his evidentiary sufficiency issues, we must have either the entire trial record or a partial record that we may presume under Rule 34.6(c) constitutes the entire record. *Cody Tex., L.P. v. BPL Expl., Ltd.*, 619 S.W.3d 735, 743 (Tex. App.—San Antonio 2019, pet. denied) ("An appellant cannot prevail on an evidentiary sufficiency challenge unless he: (a) presents the entire record of the evidence the trial court considered; or (b) designates a partial record in compliance with Texas Rule of Appellate Procedure 34.6."). "This is because '[a]s a practical matter, a court cannot begin to say what evidence supports a verdict without reviewing it all.'" *Id.* at 744 (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)); *see also Cruz*, 2018 WL 6793847, at *4 ("Without a complete reporter's record, it is impossible to review all the evidence presented to the trier of fact or to apply the appropriate sufficiency standards."); *Rich v. Olah*, 274 S.W.3d 878, 886–87 (Tex. App.—Dallas 2008, no pet.) (explaining, for a legal and factual sufficiency challenge following a take-nothing judgment, appellants were required to show the elements necessary to support their claims were either conclusively established as a matter of law, or that the trial court's failure to find such elements was against the great weight and preponderance of the evidence) (citations omitted). In short, because we must presume omitted evidence supports the judgment, Vallecillo cannot prevail on his issues contending the opposite. *See Cody Tex.*, 619 S.W.3d at 744–45; *Harris*, 2011 WL 4389908, at *4 (overruling evidentiary sufficiency challenge to jury's damages award where

appellant provided only a partial record and no statement of issues); *Ortegon*, 2008 WL 577175, at *8 (holding appellant failed to prove the elements of his fraud claim because the reviewing court was required to presume on a partial trial record that missing material supported the trial court's directed verdict).

## CONCLUSION

We overrule Vallecillo's appellate issues and affirm the trial court's judgment.

Rebeca C. Martinez, Chief Justice